CATHARINE CUEMAN, PLAINTIFF IN ERROR, v. AMOS BROADNAX ET AL., DEFENDANTS IN ERROR.

1.  Where a conveyance was made to the grantees and their heirs, for the use of the grantees and their heirs in trust for the persons beneficially interested, the trust was not executed by the statute for transferring uses into possession so as to vest the legal estate in the *cestuis que trust*, or either of them.
2.  Where the conveyance is to and to the use of trustees, they will take the legal estate by virtue of the limitation, without the aid of any reasoning derived from the nature of the trust.
3.  A deed of trust conferred upon the *cestui que trust* the power to request her trustee to make, execute and deliver any deed or deeds,

instrument or instruments, whereby to grant and convey the whole or any part of the premises unto such persons as she should appoint or direct, either before or after the death of her husband—*held,* that a conveyance made under such direction by the trustee, upon the same trusts contained in the original deed had no relation to or operation upon the equitable estate ; it transferred the mere legal title and thereby effected a change of trustee for the convenience of the *cestui que trust.*

4. Where a power is given generally without defining the mode by which it must be exercised, it may be exercised either by deed or will. Nor is it necessary that the power should be executed by deed. A simple note in writing would be a good exercise of the power.

5. Although in executing a power, it is regular to refer to it expressly, and usual to recite it, yet it is not necessary to do this if the act shows that the donee had in view the subject matter of the power.

On error to the Supreme Court.

The facts of the case are fully shown in the opinion of the court.

For the plaintiff in error, *M. R. Kenny.*

For the defendants in error, *W. B. Williams.*

The opinion of the court was delivered by

GREEN, J. This was an action of ejectment commenced in the Supreme Court, and brought here upon writ of error and exceptions to the rulings of the justice, before whom the cause was tried at the Essex Circuit, without a jury.

Both parties claim title under a deed of trust or post nuptial settlement, by which Peter Campbell conveyed the premises in question, to Andrew Van Blarcom, his heirs and assigns. Habendum to him, his heirs and assigns to his and their use, upon trust, to permit the said Peter Campbell and Mary, his wife, to use the said premises and to receive the rents and profits thereof, during the life of the said Peter, and after his death, to hold the same in trust to the sole use and benefit of the said Mary and her heirs forever. And upon the further trust, to make, execute, deliver and acknowledge at the expense and request, in writing, of the said Mary,

any deed or deeds, instrument or instruments, whereby to grant, transfer and convey unto such persons as she may appoint and direct the whole or any part of the said premises.

Andrew Van Blarcom, at the written request of Mary Campbell, conveyed the premises to Elias B. D. Ogden, upon the same trusts created and declared in the original deed.

Mary Campbell died in the lifetime of her husband, having first executed, under her hand and seal, a paper writing purporting to be her last will and testament, which was duly admitted to probate, in and by which, after reciting that she had a separate estate held in trust for her, she directed as follows : " I do hereby direct that if Peter C. Bogart shall survive the said Peter Campbell, or shall leave issue surviving the said Peter Campbell, then the person holding in trust for me the premises upon which we now reside, shall convey the same in fee to the said Peter C. Bogart, or his issue, as the case may then be."

Peter C. Bogart survived both the testatrix and Peter Campbell, and the heir-at-law of Elias B. D. Ogden, in pursuance of the foregoing direction, conveyed the premises to him in fee.

The title of both parties is founded upon the deed of trust from Campbell to Van Blarcom.  The plaintiff claims as heir-at-law of Mary Campbell, the *cestui que trust* under that deed, and the defendants as purchasers, under the conveyance made to .Peter C. Bogart, by virtue of the appointment contained in the writing purporting to be the will of Mary Campbell.

The primary question in the cause arises upon the proper construction of the limitations contained in the deed of trust. It is contended on the part of the plaintiff, that the use in this case was executed under the statute to the heirs of Mary Campbell in fee, and that, immediately upon the death of her husband, Peter Campbell, both the legal and equitable estates vested in her heirs.

It is unnecessary, at this day, to enter upon any discussion as to the operation of the statute for transferring of uses into

possession. Its effect and mode of operation are stated and illustrated in every elementary treatise on the law of real estate and in the law and equity reports, both of England and this country. So far as the decision of this cause is concerned, I need only refer to a single case in our own courts—*Price* v. *Sisson*, 2 *Beas.* 168, affirmed on appeal, 2 *C. E. Green* 475. The conveyance, in that case, as in the one now under consideration, was made to the grantees and their heirs for the use of the grantees and their heirs in trust for the persons beneficially interested in the grant. The Chancellor, in his opinion, said : "This is the precise formula for the creation of a trust. By the terms of the deed, the legal estate vested in the immediate grantees in trust for the persons beneficially interested. The trust was not executed by the statute for transferring uses into possession so as to vest the legal estate in the *cestuis que trust*, or in either of them. Where a use is limited upon a use, the statute executes only the first use."

If there could be any doubt in this case upon the terms of the grant itself, the nature of the trust, being for the sole use of a married woman, and the duty imposed upon the trustee to convey upon the appointment of the *cestui que trust*, would settle the construction of the deed. But where the conveyance is to and *to the use of* the trustees, they will take the legal estate by virtue of the limitation, without the aid of any reasoning derived from the nature of the trust. *Hill on Trustees* 229, 235, 253 ; 1 *Cruise, Tit. Trust, ch.* 1, § 39, 15 ; 2 *Jarman on Wills* 198–204; 2 *Washburn on Real Prop.* 434.

The conveyance from Peter Campbell vested in his immediate grantee the legal estate in fee, to hold upon the trusts created by the deed. This legal estate passed by he deed from Van Blarcom to Elias B. D. Ogden, descended to his oldest son, as heir at common law, (*Den d. Wills* v. *Cooper*, 1 *Dutcher* 137,) and passed by the subsequent conveyances to the defendants.

As to the equitable estate, the deed of trust conferred upon Mary Campbell the power to request her trustee to make, execute, and deliver any deed or deeds, instrument, or instru-

ments whereby to grant and convey the whole or any part of the premises unto such persons as she should appoint or direct, either before or after the death of her husband.

It cannot be pretended, as urged on behalf of the plaintiff, that the power of appointment was exercised, much less exhausted, by the request to Van Blarcom to convey the premises to Judge Ogden, upon the same trusts contained in the original deed. That conveyance had no relation to, or operation upon the equitable estate. It transferred the mere legal title, and thereby effected a change of trustee, for the convenience of the *cestui que trust*. It might have been made, and would have had the like operation, if made without her request, against her will, or even in violation of the trust. *Stokes* v. *Middleton*, 4 *Dutcher* 32.

The only remaining question is, whether the direction in the paper, purporting to be the will of Mary Campbell, was a valid appointment, and a good execution of the power contained in the deed of trust. It is insisted, on the part of the plaintiff, that the deed of trust did not authorize an appointment by will; that the will of Mary Campbell—she being a married woman—was utterly void; and that the execution of the power of appointment was defective, for want of sufficient reference to the instrument creating the power.

The defendants do not claim as devisees under the will. The paper, even if inoperative to pass the estate by way of devise, may still be good as an appointment, which is the mere exercise of the power to designate the persons who are to take the beneficial use of the estate. It is not questioned, that the power must be exercised in precise compliance with the directions of the instrument by which it was created; but where a power is given generally, without defining the mode by which it must be exercised, it may be exercised either by deed or will. Nor is it necessary that the power should be executed by deed—a simple note in writing would be a good exercise of the power. 1 *Sugden on Powers* 247, 262; *Heath* v. *Withington*, 6 *Cush.* 497. In this case no particular instru-

ment was designated by the terms of the trust deed ; it only required that the request should be in writing.

Nor is the execution of the power defective for want of reference to the instrument by which the power was created. Reference to the instrument creating the power is only important as evidence of the intention to execute it, and any words indicating an intention to exercise a power will have that operation. The primary question is, did the *cestui que trust* intend to execute the power by the writing in question, so that her estate in the premises should pass to and vest in her appointee? Her intention is clearly evinced by the words used, "having a separate estate which is held in trust for me, I do direct that the person holding in trust for me the premises upon which we now reside shall convey the same to Peter C. Bogart." The rule is well settled that although in executing a power it is regular to refer to it expressly and usual to recite it, yet it is not necessary to do this if the act shows that the donee had in view the subject matter of the power. 2 *Washburn on Real Prop.* 611 ; 4 *Kent's Com.* 334 ; 1 *Sugden on Powers* 232, 356, 422.

Upon the foregoing principles it is clear that, by virtue of the conveyance from the heir-at-law of the trustee, and the precedent appointment of the *cestui que trust*, both the legal title to the premises and the fee of the trust estate passed to and vested in the defendants, and that the plaintiff is not entitled to recover.

The judgment of the Supreme Court should be affirmed, with costs.

*For affirmance*—The CHIEF JUSTICE, BEDLE, DALRIMPLE, SCUDDER, VAN SYCKEL, WOODHULL, GREEN, LILLY. 8.

*For reversal*—None.