## Rowland, Appellant, v. Moore.

*Trusts and trustees—Deed of trust—Appointment of trustee—Appointment by donee of power to appoint—Act of June 14, 1836, P. L. 628.*

Where a husband and wife execute a deed of trust of real estate for the benefit of the wife for life and upon her death for the benefit of her husband, and upon the death of the survivor, over to their children then living in fee, and the deed gives to the wife power to appoint a trustee in case of a vacancy in the office, with power in the children if the wife fails to appoint to apply to the Court of Common Pleas for the appointment of a trustee, the wife may exercise the power to appoint even after an application has been made to the Common Pleas; and her right to exercise such power by the appointment of a proper trustee, is not defeated because she had neglected for a time to make an appointment, or because she had collected the rents, and applied them to her own use, or because she had paid to her husband in his lifetime certain moneys of the estate which he had lost.

Argued January 7, 1913. Appeal, No. 222 Jan. T., 1912, by plaintiff, from decree of C. P. No. 1, Philadelphia Co., Dec. T., 1911, No. 5245, dismissing petition for the appointment of substituted trustee in case of Charles Rowland v. Helen Moore, Lillian V. B. Moore, Leopold P. Moore, Edward R. Moore, Helen F. Hamen and August G. Flammer. Before FELL, C. J., BROWN,

MESTREZAT, POTTER, STEWART and MOSCHZISKER, JJ. Affirmed.

Petition for the appointment of substituted trustee. Before BREGY, P. J.

From the record it appeared that on January 15, 1876, Leopold Moore and Helen Moore executed a deed of real estate to Frederick Flammer, in trust, for the use and benefit of Helen Moore for life with a spendthrift trust clause, and after her death for the use and benefit of Leopold Moore, and upon the death of the survivor over to their children or issue of deceased children then living, in fee.

The deed provided that in case Frederick Flammer or any succeeding trustee or trustees of the said trust estate and premises to be nominated "and appointed as hereinafter mentioned shall happen to die or shall neglect or refuse or become incapable or unfit to act in the said trust before the same shall be fully executed, performed and determined, then as often as the same may happen it shall and may be lawful for the said Helen Moore, during her life time, or of the said Leopold Moore after her decease notwithstanding her coverture, present or future, or whether she be covert or sole, by any writing under hand and seal duly attested by two or more creditable witnesses to nominate, substitute and appoint some other fit person or persons to be trustee or trustees of the said premises in the place and stead of the said trustee or trustees so dying or refusing or neglecting or becoming incapable or unfit to act as aforesaid, and so on from time to time as often as any such death, neglect, refusal or incapacity shall happen, and upon such nomination and appointment, the person or persons so to be appointed shall be and stand seized of the said premises and every part thereof with the appurtenances in trust for the same uses, ends, intents and purposes and subject to the several provisions, restrictions, limitations and conditions herein before ex-

pressed, mentioned and declared of and concerning the same, and to and for no other use, end, intent or purpose whatsoever, and in case of default of any such appointment or nomination as aforesaid then it shall and may be lawful for any of the children of her, the said Helen Moore over the age of twenty-one years to apply to any of the Courts of Common Pleas for the City and County of Philadelphia for the appointment of a trustee or trustees in the place and stead of such trustee or trustees dying, neglecting, refusing or becoming incapable or unfit to act as aforesaid, who shall stand and be seized of the said trust estate in as full and ample a manner as if regularly nominated and appointed by her, the said Helen Moore or by the said Leopold Moore after her decease as aforesaid."

Leopold Moore died May 29, 1907, leaving to survive him his widow and various sons and daughters, and also issue of deceased children. On October 12, 1908, George W. Moore, one of the sons, assigned his interest in the estate to Charles Rowland, the petitioner. At the time Charles Rowland filed his petition there was a vacancy in the office of trustee which had existed for several years. The petition averred that Mrs. Moore had paid over to her husband the sum of $4,033.40, and that said sum had been lost. It was also averred that she had collected the rents of the estate and applied them to her own use, and that she had refused to appoint a trustee.

The court dismissed the petition, filing the following decree:

"Since the filing of a petition for a citation to show cause why a substituted trustee should not be appointed, the filing of the answer and argument thereon, we have been notified that the respondent did, by deed dated May 3d, 1912, nominate, constitute and appoint Thomas S. Moore, of Philadelphia, trustee, under the provisions of the deed recited in the petition, in the place and stead of August G. Flammer, trustee, who resigned the trust.

This appointment apparently having been made by virtue of the power vested in the said Helen Moore by the deed under which the petition was filed, it appears to be now unnecessary for the court to take any action in the matter.

"The prayer of the petition is therefore denied, and the petition is dismissed."

*Joseph M. Smith,* with him *Clarence E. Kuemmerle* and *William D. Neilson,* for appellant.—The petitioner, Charles Rowland, had an interest in the estate: Sloane's Est., 7 Pa. D. R. 363; Mason's Est., 12 Pa. D. R. 324; Bartells's Will, 109 N. Y. App. Div. 586 (96 N. Y. Supp. 579); In re Sheppard's Trusts, 4 De G. F. & J. 423.

Helen Moore, the donee of a power to appoint a trustee under the deed of trust, having wasted the corpus of the estate, thereby forfeited her right to execute the power: Bronson v. Bronson, 48 How. Pr. (N. Y.) 481; Griffith v. State, 2 Del. Ch. 421; White v. McKeon, 92 Ga. 343 (17 S. E. Repr. 283); Golder v. Bressler, 105 Ill. 419; John's Will, 30 Ore. 494 (47 Pac. Rep. 341; 50 Pac. Repr. 226).

Helen Moore could not exercise the power after argument upon a petition for the appointment of a trustee which averred that she had wasted the corpus of the estate and her answer admitting the said waste by her, but before the decision of the court below thereon: Attorney General v. Clack, 1 Beav. 467; In re Gadd, 23 L. R. Ch. D. 134; Cafe v. Bent, 3 Hare 245.

*George P. Rich,* with him *Oscar B. Teller,* for appellee.—There is no actual necessity for the appointment of a trustee: Mulliken v. Earnshaw, 209 Pa. 226; Wagener's Est., 191 Pa. 566; King's Est., 147 Pa. 410.

The donee of the power may exercise it even after the petition is filed: May v. May, 167 U. S. 310 (17 Sup. Ct. Repr. 824).

This petitioner, as a contingent remainderman, with

no present or vested interest in either the proceeds of the real estate sold, or of the term still existing, has no legal right to make this application: Keene's App., 64 Pa. 268; Hartman's App., 90 Pa. 203; Dugan's Est., 17 Philadelphia Rep. 454; Sager v. Galloway, 113 Pa. 500.

OPINION BY MR. JUSTICE MESTREZAT, March 17, 1913:

This was an application by the owner of a contingent interest in a trust estate for the appointment of a new trustee to carry out the terms of the deed of trust. The trustee named in the deed died and his immediate successor was relieved of his duties by the parties. While this proceeding was pending and undetermined another trustee was appointed by the donee named in the deed to make the appointment and is now discharging his duties as trustee.

The deed provides that in case the trustee named therein or any succeeding trustee or trustees of the trust estate shall die or neglect or refuse or become incapable or unfit to act, then as often as the same may happen Helen Moore (the donee of the power to appoint) or her husband after her death may by a writing under hand and seal duly attested substitute and appoint some other fit person or persons to be trustee or trustees upon the same trust; and in case of default of such appointment then any of the children of Helen Moore over the age of twenty-one years may apply to the Court of Common Pleas of Philadelphia County for the appointment of a trustee.

The reasons assigned in the petition to the court for the appointment of a trustee are that Mrs. Moore refused to appoint a new trustee; that she had collected the rentals of the real estate not yet disposed of and appropriated the same to her personal use; and that in violation of the deed of trust had paid to her husband certain moneys which were lost to the estate. The first reason assigned has been met by the appointment of a trustee during the pendency of these proceedings, and

the other reasons are not sufficient to deprive the donee of her right to exercise the power to fill vacancies conferred by the deed. This was not an application for the removal of an incompetent or improper trustee who was mismanaging the estate. The court has ample power under the Act of June 14, 1836, P. L. 628, to protect and preserve a trust estate by the appointment of a trustee or by the discharge of an incompetent trustee who is mismanaging the estate. This application is simply for the appointment of a trustee to carry out the provisions of the trust deed executed by Helen Moore and her husband in 1876. As noted above, the deed of trust made specific provision for filling any vacancy which might occur in the office of trustee and the method therein provided must, if possible, be pursued: 28 Am. & Eng. Ency. of Law 965. The creator of the trust was fully authorized to make such provision in the deed and having done so the appointment of a trustee to fill a vacancy must be made in conformity with such provision. The court is without authority to make the appointment unless the reasons for so doing contained in the Act of 1836 are made to appear. It is not alleged that the party named by Mrs. Moore as trustee to fill the vacancy is an improper or incompetent person for the position. The power conferred by the deed was, therefore, properly exercised by her, and the appointee has the right to discharge the duties in the management of the estate. If at any time the trustee should fail in the performance of his duties any interested party has an ample remedy for the protection of his interest by an application to the court under the existing legislation in this State.

The decree of the court below dismissing the petition for the appointment of a trustee is affirmed.