34 N.J. Super. 422 (1955)
112 A.2d 754
IN THE MATTER OF THE TRUSTEESHIP OF LARRY SOTNIKOFF, A MINOR.
RUTH G. SOTNIKOFF SCHIFF, CO-TRUSTEE OF THE ESTATE OF LARRY SOTNIKOFF, A MINOR, PLAINTIFF-APPELLANT,
v.
SOPHIE SOTNIKOFF, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued February 28, 1955.
Decided March 17, 1955.
*423 Before Judges CLAPP, JAYNE and FRANCIS.
*424 Mr. Heyman Zimel argued the cause for plaintiff-appellant.
Mr. Robert N. Wilentz argued the cause for defendant-respondent (Messrs. Wilentz, Goldman, Spitzer & Sills, attorneys).
The opinion of the court was delivered by CLAPP, S.J.A.D.
The primary question brought up by this appeal is whether under the circumstances here the court may appoint some one a successor trustee, contrary to the wishes of the persons who by the terms of the trust were given the power to make such an appointment.
Hyman Sotnikoff died in military service leaving a National Service Life Insurance policy payable to his wife, now Mrs. Ruth G. Sotnikoff Schiff. She, as stated in the trust instrument before us, transferred to herself and Matthew F. Melko, Esq. the proceeds thereof in trust for the benefit of Larry Sotnikoff, the son of the decedent and herself 
"A. * * * to pay from such funds as may be necessary for the welfare, health, maintenance and education of the said Larry Sotnikoff at such times, in such amounts and in such manner as determined by the Trustees to be for the best interest of the said Larry Sotnikoff. * * *
B. In the event of the death of the said Larry Sotnikoff, then such funds as remain shall be paid to the said Ruth G. Sotnikoff or her heirs.
C. Upon the death or resignation of either of the trustees, then the surviving or remaining trustee, together with the resigning trustee or his legal representatives, shall choose a successor for the deceased or resigned Trustee."
Mr. Melko, seeking his discharge and the settlement of his account, brought this action alleging in his verified complaint that he and Mrs. Schiff desired to appoint in his stead Jacob Schiff, her second husband, as a cotrustee to act with her. Judgment was demanded permitting such an appointment. Subsequently the case was heard without objection under R.R. 4:85-5.
Larry presently resides with his paternal grandmother in Miami; and influenced by that circumstance and also by *425 the fact doubtless that Mrs. Schiff had proposed that Mr. Schiff be substituted for Mr. Melko, the County Court refused to accede to the trustees' demand and instead appointed the grandmother as cotrustee to act with Mrs. Schiff. There was no suggestion whatever that Mr. Schiff is unfit for the office. Mrs. Schiff appeals.
By the terms of paragraph C of the trust, the power to appoint a succeeding trustee was confided in certain persons. It is not claimed, nor does the record in any way indicate, that the appointment proposed by these persons would in any way do violence to their confidence. Under the circumstances, there is no warrant whatever for the court's interference with the exercise of their power. In re Labold's Will, 148 Ohio St. 332, 74 N.E.2d 251, 255 (Sup. Ct. 1947); Rowland v. Moore, 239 Pa. 513, 86 A. 1064 (Sup. Ct. 1913); Attorney General v. Armstrong, 231 Mass. 196, 120 N.E. 678, 684 (Sup. Jud. Ct. 1918); 1 Scott on Trusts 568-571 (1939).
The County Court unquestionably under the statutes has cognizance of important phases of this action, namely, the discharge of Mr. Melko and the settlement of his accounts, matters which in this case were passed upon in the judgment appealed from. Having cognizance of the cause under these circumstances, the court receives under the Constitution (Art. VI, sec. IV, par. 5) the jurisdiction further to give him the instructions he sought in the action.
We conclude, then, the court has the power to instruct him, and should have instructed him (N.J.S.A. 2A:16-55), that he and Mrs. Schiff may appoint Mr. Schiff as substituted trustee. Such an appointment may be effectuated simply by a writing. Cf. Den ex Dem. Elle v. Young, 24 N.J.L. 775, 786 (E. & A. 1854); Cueman v. Broadnax, 37 N.J.L. 508, 512 (E. & A. 1874); Ryan v. Daly, 99 N.J. Eq. 585, 588 (Ch. 1926), affirmed 101 N.J. Eq. 305 (E. & A. 1927).
At the time of the remand of the case, and by virtue of the constitutional provision cited, the County Court may  if application is then made therefor, accompanied by the writing stated  award letters of trusteeship under R.R. *426 4:100-2. Of course the fact that R.R. 5:3-1 does not render R.R. 4:100-2 applicable to the court, does not and cannot detract from the constitutional grant of jurisdiction. Cf. R.R. 5:2-1, last sentence; Tumarkin v. Friedman, 17 N.J. Super. 20, 25 (App. Div. 1951).
The insistence on the part of the grandmother that Mrs. Schiff has no standing here to appeal is without merit. She was, by the order to show cause below, made a party to this summary action, and was treated as a party below even though she filed no answer under R.R. 4:85-4. As a remainderman of a trust, she surely is sufficiently aggrieved so as to be entitled to appeal because of error in the appointment of a fiduciary who is to exercise with her a certain discretionary power involving the invasion of the trust corpus. We need not consider other questions presented here.
Remanded, and reversed insofar as the judgment relates to the appointment of a successor trustee.