## Boning's Estate.

*Trusts and trustees—Executors and administrators—Substituted trustee—Will.*

Testator having appointed two persons as executors and trustees of his will, directed as follows: "In case of the death of either of my executors I authorize and require the survivors to appoint some other individual in the place of the deceased executors to be testified by writing under the hand and seal of the said surviving executor which I direct to be filed in the office of the Register of Wills of the County of Philadelphia, which individual so appointed shall have all the power of an executor and trustee as if originally named as such in this my will." *Held,* that the power to appoint a trustee was confined only to the survivor of the two persons named in the will, and that the person appointed by the survivor could not in his turn appoint another trustee.

Argued Jan. 10, 1906.    Appeal, No. 154, Jan. T., 1905, by E. A. Adams, from decree of O. C. Phila. Co., declaring void the appointment of a trustee in Estate of William Boning, deceased.    Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ.    Affirmed.

Petition to declare void the appointment of a trustee.

The court, PENROSE, J., filed the following opinion:

The very able and learned argument of counsel for the respondents demonstrates that the well-settled principle which permits a testator to delegate to another the power to name his executors, and gives to the persons so appointed precisely the same authority as if they had been selected by the testator himself, is universally recognized; but the question now presented is not as to the authority of an executor or trustee so appointed to execute the ordinary functions of an executor or

trustee, but whether the testator in the present case intended, as he undoubtedly had the right to do, that the appointee should have the extraordinary power of naming a successor to the executor or trustee by whom he was selected, at the death of such executor or trustee, with like power, of course, to the person so appointed; and so on to his appointees ad infinitum.

The question, if, indeed, it can be regarded as a question, is answered by the will itself : " I constitute and appoint " it says, " my friends, Henry Vollmer and John C. Steiner, executors of this my will, and also trustees under the same, and also to be the testamentary guardians of the persons and estates of my said two children.   Item in case of the death of either of my executors I authorize and require the survivors to appoint some other individual in the place of the deceased executors to be testified by writing under the hand and seal of the said surviving executor which I direct to be filed in the office of the Register of Wills of the county of Philadelphia, which individual so appointed shall have all the power of an executor and trustee as if originally named as such in this my will."

Thus it will be seen that the power to name "some other individual " in case of death of " either " of the executors named in the will is given only to the " survivor " of the two, who though spoken of as executors are in this way individuated while the power given to the " individual " (not individuals) so appointed is, not that given to the two executors whom he has named, but only " the power and authority of an executor, as if originally named as such in this my will " and that a single appointment only was intended is clear since but one person, " such individual so appointed " is spoken of, not " the persons from time to time so appointed," who is to have the same power as if originally named in the will.

The testator died in 1869, and one of the two executors named in the will being then dead the " survivor " in the exercise of the authority and duty thus enjoined upon him appointed, in the manner directed, a successor.   Thirty-five years later, viz : in 1904, the executor who made the appointment, died, and his appointee, claiming that the will gave to him also the power to so do, has appointed a young lady in his employ as stenographer.

We think it clear that this cannot be done. An authority so extraordinary in its character which is not only in derogation of the usual course of law but deprives the parties in interest of the right given to them by act of assembly to nominate a successor in the trust, can only be conferred by clear, unequivocal and unambiguous terms—more especially where the effect of its exercise is to place the estate, amounting in this case to $13,000, in the hands of one who may be entirely irresponsible and otherwise unfitted for the proper performance of the duties of trustee without the requirement of security.

The appointment, having in our opinion been made without authority, is null and void. The prayer of the petition is granted. Counsel will prepare the necessary decree.

*Error assigned* was the decree of the court.

*John A. Clark*, for appellant.

*Alfred Moore*, for appellee was not heard.

PER CURIAM, January 29, 1906 :
Decree affirmed on the opinion of the court below.