THE UNION TRUST COMPANY, TRUSTEE, *vs.* LEWIS P. SHELDON ET ALS.

Third Judicial District, Bridgeport, April Term, 1911.
HALL, C. J., PRENTICE, THAYER, RORABACK and WHEELER, Js.

A mere naked power uncoupled with a trust, conferred upon two or more without further direction as to the manner of its exercise, must be executed by all the donees of the power; and if one of them dies the survivor or survivors have no authority to exercise it. If the manner in which the power is to be exercised is prescribed in the instrument creating it, that method must be strictly pursued.

The plaintiff held certain property under a trust deed which it sought to have construed in order to determine the question of its liability to the grantor for certain portions of the principal of the fund. The deed required the net income of the property to be paid over to the grantor during her life, and the principal to be conveyed at her death to her surviving children, if any, otherwise to those whom she might appoint in her will, or, failing such appointment, to her heirs. It also designated three persons, *A*, *B* and *C*, and provided that upon their written request or that of a majority of them the trustee should pay over to the grantor such portion of the principal of the fund as might be specified in the request; and that in case of the death of either of the three named, the two survivors, with the consent and approval of the grantor, should appoint a successor to act with them. In April, 1910, *A* died, and the survivors failed to appoint his successor; and in July of the same year *B* died. Later *C* requested the plaintiff in writing to pay $5,000 of the principal to the grantor, and afterward appointed *D* and *E* as the successors of *A* and *B*, and they joined with *C* in making a like request of the plaintiff. *Held:*—

1. That *C* alone had no authority under the deed of trust to make the request preferred by him, nor could he, acting alone, lawfully appoint successors to *A* and *B*; and therefore no portion of the principal of the trust fund could properly be paid over to the grantor by the plaintiff upon either of the requests aforesaid.

2. That the question at issue could have been as readily and more properly determined in an action at law brought by the grantor against the plaintiff.

3. That it was unnecessary to determine whether a court of equity could appoint successors to *A* and *B*, and thus effectuate the grantor's intention as expressed in the trust deed, since no application had been made for such appointment.

Argued April 18th—decided July 31st, 1911.

SUIT to determine the construction of a deed of trust, brought to and reserved by the Superior Court in New Haven County, *Ralph Wheeler, J.*, upon the facts stated in the complaint, for the advice of this court.

On November 29th, 1901, Mary T. Denton executed and delivered to the plaintiff a deed of trust, and at the same time delivered to it the property mentioned in the deed, amounting to about $90,000. The next day she married Lewis P. Sheldon, and they are two of the parties to this action. They have two children living, Huntington D. Sheldon and Suzanne S. Sheldon, minors, who are also parties to the action.

The deed of trust, after providing that the plaintiff shall hold and manage the property therein described as a trust fund, and pay over to the grantor the net income during her life, and upon her decease pay over and convey the trust estate then in its hands to such children of hers as shall survive her, and, if no issue of hers survive her, then to pay it over to such persons or objects as she shall by her will appoint, and, if she leave no will, to her heirs, contains the following provisions: "Provided, however, that upon the request in writing of Henry L. Hotchkiss, Louis H. Bristol and Eugene S. Bristol and their successors to be appointed as hereinafter provided, or a majority of them, for the time being, said Union Trust Company shall pay over and convey the whole or any portion of the principal of said trust fund to the said Mary T. Denton to be hers absolutely. And provided, also, that upon the death, resignation or disability of either the said Henry L. Hotchkiss, Louis H. Bristol or Eugene S. Bristol, the remaining two of the three above named persons shall forthwith, with the consent and approval of the said Mary T. Denton in writing appoint a person to act with them as regards any such request in writing in the place and stead of the one

dying, resigning or being disabled, with the same power and authority in all respects as he possessed in respect to any such written request and the appointment of a successor to a vacancy caused by death, resignation or disability."

Prior to April 2d, 1910, the plaintiff, upon the request of said Hotchkiss, Louis H. Bristol, and Eugene S. Bristol, or a majority of them, paid to Mrs. Sheldon sums amounting to about $16,000 out of the principal of the fund. On April 2d, 1910, Eugene S. Bristol died. After his death no successor to him was ever appointed by Hotchkiss and Louis H. Bristol, who survived him. On July 20th, 1910, Louis H. Bristol died. On December 15th, 1910, Hotchkiss, who survived both of the Bristols, delivered to the plaintiff a written request to pay Mrs. Sheldon $5,000 out of the principal fund. On February 17th, 1911, he delivered to them a writing appointing Lewis P. Sheldon and John W. Bristol to act with him as successors of said Louis H. and Eugene S. Bristol. This was accompanied by a written approval of the appointment of Mrs. Sheldon. On the same day said Hotchkiss, Lewis P. Sheldon and John W. Bristol, delivered to the plaintiff a written request that it pay Mrs. Sheldon $5,000, part of the principal of the fund. The plaintiff refused to pay in compliance with either of the written requests mentioned, and brought this action for advice as to the construction to be placed upon portions of the trust deed and as to its duties in the premises. Henry L. Hotchkiss and John W. Bristol were made parties defendant.

*Frederick H. Wiggin,* for Henry L. Hotchkiss and John W. Bristol.

*James E. Wheeler,* for Huntington Denton Sheldon *et al.,* minors.

*Henry C. White*, for Lewis P. Sheldon *et ux.*

THAYER, J.  The only present question between the plaintiff and the defendants is whether, upon the facts stated in the complaint, the plaintiff, as trustee under the trust deed, is bound to pay to Mrs. Sheldon, under either of the two requests which have been delivered to it, $5,000 out of the principal of the trust fund created by the deed.

Whether any court or tribunal has authority to appoint successors to Eugene S. and Louis H. Bristol, if such successors have not already been properly appointed, are matters in which the plaintiff has no present concern.  It is not the party to move in the matter of having that question determined.  Its only duty is to pay the income to Mrs. Sheldon in accordance with the terms of the deed, and to pay to her any such portions of the principal as are properly requested by the donees of the power.  There was, therefore, no occasion for bringing the present action.  The question of its liability to pay portions of the principal to Mrs. Sheldon upon the requests which have been made, could be settled as well in an action at law brought by her against the plaintiff as in the present action.  The determination of this question involves that of determining whether Mr. Hotchkiss, alone, had, under the trust deed, power to make the request, or had power to appoint successors to his deceased associate donees.  As these latter questions are fairly presented by the pleadings and will determine the question of the plaintiff's present duty with respect to the payments requested, and as no objection has been raised to the manner in which they have been presented, and all parties have requested the reservation of them for our advice, we will consider them.  We cannot, however, presume to advise, as we are asked to do, whether any court or

tribunal has authority to appoint successors to the deceased donees of the power. If any of the defendants shall be so advised, they may, upon proper application to such court, have that question determined.

No question is raised as to the adequacy of either of the requests made to the plaintiff to pay Mrs. Sheldon $5,000 out of the principal of the fund, provided the parties signing them had authority under the trust deed to do so. Had Mr. Hotchkiss the power to make such request after the death of his two associates, the Bristols? The donor, Mrs. Sheldon, placed the legal title of the fund in the plaintiff, and gave to Hotchkiss and his two associates, and to their successors to be appointed as directed in the deed, the power to appropriate the principal, in whole or part, to her use. She retained no interest in the principal of the fund, only a hope and expectancy dependent upon the discretion of the donees of this power. The power to direct payment to her was not, therefore, what is called a trust power or power in trust. No duty to her rested upon them to request such payment. It was a mere naked power. When such a power is conferred upon two or more persons without further direction as to the manner in which it is to be executed, it is to be executed by the consent of all, and, if one dies, the survivor or survivors cannot execute the power. 2 Perry on Trusts, § 491; *Allen's Appeal,* 69 Conn. 702, 708, 38 Atl. 701; *Glover* v. *Stillson,* 56 Conn. 316, 319, 15 Atl. 752. Where the manner of executing the power is designated in the instrument creating it, that method is to be strictly pursued. 1 Perry on Trusts, § 295.

The deed creating the power in the present case designated the manner in which it should be executed —by the written request of the three persons named and their successors, or a majority of them for the

time being.  This language excludes the suggestion that one of them alone, either before or after the death, resignation, or disqualification of one or both of the others, could execute the power and make the request.  Two, at least, must act in preferring the request, and these two must be a majority of the three donees originally appointed or of the three who for the time being, by reason of successors having been appointed, constitute the donees.  This was the intention clearly expressed by the instrument.  It was not only not intended that one should have authority to execute the power, but it was intended that one person should not have the power.  The language of the instrument answers the suggestion made in one of the briefs, that Hotchkiss, being at the time he signed the first request the sole surviving donee, constituted a majority of the donees for the time being.

Had Hotchkiss the power under the trust deed, or otherwise, to appoint successors to the deceased donees?  The donor of the power to appoint a successor could direct in what manner the appointment should be made, and this is true whether it was a mere naked power or a power in trust.  1 Perry on Trusts, § 287. She provided expressly "that upon the death, resignation or disability of either the said Henry L. Hotchkiss, Louis H. Bristol or Eugene S. Bristol, the remaining two of the three above named persons shall forthwith, with the consent and approval of the said Mary T. Denton in writing appoint a person to act with them as regards any such request in writing in place and stead of the one dying, resigning or disabled."  This is an express direction that two of the three named persons shall name another person to act with them as successors to their deceased or disqualified associate.  And it is further provided in the deed that such successor shall have the power and authority

which the deceased donee had with respect to the appointment of a successor to a vacancy caused by death, resignation, or disability. The intent here expressed is clear that two shall act in making the appointment.

The power to appoint was imperative, and it was the duty of the remaining two donees, upon the death of Eugene S. Bristol, to appoint a successor to him. Had this been done, the duty would have been equally imperative upon Hotchkiss and the successor of Eugene S. Bristol to appoint a successor to Louis H. Bristol upon his death. This would have conformed to the expressed intent of the donor. Whether, having failed to do this, a court of equity will carry out the donor's intention, we need not inquire, for that question is not properly before us. But the fact that the two surviving donees neglected to perform their duty gave Hotchkiss no authority to appoint successors to both of his associates after the death of the second. Such appointment by him gave the appointees no authority to act with him under the trust deed.

The Superior Court is advised (1) that said Hotchkiss had no authority to make the request signed and delivered by him to the plaintiff, as set forth in the complaint, and the plaintiff cannot properly upon the request make payment to Mrs. Sheldon of the $5,000 therein named; (2) that the said Hotchkiss had no authority to appoint Lewis R. Sheldon and John W. Bristol to act with him in place and stead of Louis H. Bristol and Eugene S. Bristol, and that the plaintiff cannot properly pay over to Mrs. Sheldon upon the request signed and delivered by said Hotchkiss, Sheldon, and John W. Bristol, as set forth in the complaint, the sum of $5,000 therein named.

No costs will be taxed in this court.

In this opinion the other judges concurred.