**HALL, Estate of, in re: SOUTHWICK, Plaintiff-Appellee, v. KOCH, Defendant-Appellee, and NEIL, Defendant-Appellant.**

Ohio Appeals, Second District, Franklin County.

No. 4534. Decided January 23, 1951.

Wm. Harvey Jones, Columbus, for Eugenia Neil, defendant-appellant.

Irish & Southwick, Columbus, for plaintiff-appellee.

Joseph G. Rotondo, Columbus, for Lawrence E. Koch, Guardian, and Martha Louise Koch, an incompetent person, defendants-appellees.

## OPINION

By HORNBECK, J.

This is an appeal on questions of law from an order of the Probate Court made upon issue drawn upon a petition for instructions filed by plaintiff-appellee and answer of Eugenia Neil, defendant-appellant. The cause was presented upon a stipulation of facts.

The errors assigned specify the questions for decision. They are:

1. Error of the Court in holding that the trust created by Item III of the will of Robert C. Hall was not dependent upon the judgment and discretion of George E. Neil the named trustee and consequently did not fail upon the death of said George E. Neil.

2. Error of the Court in holding that the named successor trustee to George E. Neil could serve as such trustee and exercise the discretion vested in George E. Neil by said will.

The facts necessary to an appreciation of the questions presented are that Robert C. Hall, deceased, left his Last Will and Testament which was duly probated. By Item III of the will the testator gave all the residue of his estate, real and personal, to his nephew, George E. Neil, in trust for the following uses and purposes:

"I direct that my trustee reduce all my property to cash and from the proceeds thereof use only so much thereof as is necessary for the care and comfort of my stepdaughter, Mrs. Martha Louise Koch of 295 Tappan Street, Columbus, Ohio, **and the decision of my trustee as to the sums of money so expended shall be final.**" (Emphasis ours.)

ITEM IV

"However, in the event my stepdaughter, Martha Louise Koch, should die then in that event I give and bequeath to

my nephew, George E. Neil, all those funds remaining in the trust set up in Item III."

George E. Neil qualified as trustee under the will, sold the property of decedent and thereafter died during the lifetime of Martha Louise Koch. Application was made for the appointment of a successor trustee who was named and is the plaintiff-appellee herein. Thereafter, the petition for instructions, to which reference is heretofore made, was filed.

It is the contention of the appellant that upon the death of George E. Neil, the trustee named in the will, the trust fails because the discretion vested in said trustee is so personal and confidential in its character as that it cannot be delegated to a successor. Appellees assert that a trust was designated by the will and that the authority delegated to the trustee was not of such distinctly personal character as that it could not be effectuated by a successor. The Probate Court evidently accepted the viewpoint of appellee, as do we.

The intention of the testator as it affects the power of the Court to name a successor trustee is controlling. The discretion vested in the named trustee was not without limitation but must be determined in connection with the other language of Item III of the will defining the purpose and scope of the trust. Testator directed that from the proceeds of the sale of his residue estate the trustee should use "only so much thereof as is necessary for the care and comfort of my stepdaughter." This language would have had the identical meaning had the word "only" been omitted from Item III in which event, it would provide that the trustee use so much of the proceeds as is necessary for the care and comfort of the stepdaughter. The discretion of the trustee is not unlimited but must be exercised charged with the obligation that he use so much of the proceeds as is necessary for the care and comfort of the stepdaughter. The testator knew and was charged with the knowledge that the trustee whom he named might not survive him or might not survive the cestui que trust. There is nothing in the Item except the language underscored which indicates a purpose on the part of the testator that the trust shall fail if the named trustee should not survive the cestui que trust.

We do not find that it is impossible for a successor trustee to observe the obligations enjoined upon the trustee named in the will. It is apparent that they may be carried out with reasonable certainty by a successor.

In Hall v. Hall, 24 N. Y. 647, it is held that where a trust provision confides to the discretion of the trustees a matter which may readily be determined by ascertaining certain

facts, the discretion is not one that is purely personal. Here the necessities for the care and comfort of the cestui may readily be ascertained by the successor trustee.

The intention to create a trust is definitely asserted by the technical language that the residue estate is given in trust. The cestui que trust is specifically named and the purpose to be effectuated by the trust is clear, namely, that the proceeds of the residue estate, in so far as is necessary, shall be used for the care and comfort of the stepdaughter of testator.

Counsel have briefed the questions presented thoroughly and cited and commented upon many cases. It would serve no good purpose for us to consider all of them. Considerable reliance is placed on **Rogers v. Rea, 98 Oh St 315,** which case was first decided by the writer of this opinion and reported in 21 O. N. P. (N. S.) 129. The residuary bequest in the will in the cited case was made to C "for any such charitable purposes that he may deem proper and designate in such amounts as he may designate and think best, for permanent or temporary charities," but C had died prior to the testatrix. It·was held that the discretion vested in the named trustee was so personal in its nature and so comprehensive in its character as to make him indispensable to the validity of the trust. That is to say, that no trust could be created conformable to the terms of the will because the instrumentality through whom the trust would be made effective was not alive upon the death of the testatrix. As was said in our opinion at page 141, the named trustee is necessary that the intention of the testatrix may be particularized; that the will may speak definitely he is the sine qua non.

In the earlier case of **Williams v. The First Presbyterian Society of Cincinnati, 1 Oh St 478,** the Court said:

"There is no doubt that a trust attached to the property, whoever might hold it; for whenever a person by will gives property, and points out the object, the property and the way it should go, a trust is created."

In Avery v. Howard, 7 O. N. P. (N. S.) 97, a trustee was authorized to sell property "for such price as he may deem proper." It was held that this discretionary power was not so personal that a successor could not exercise it.

**Moskowitz v. Federman, 27 O. O. 58,** had under consideration a will wherein the residue of the estate was bequeathed to a trustee, with full, sole and uncontrolled discretion as to the distribution and disposition thereof, with power to determine the persons, charitable organizations, to whom distributions should be made, the times for distribution and the amounts

to be distributed to them, or any of them. The lack of limitation upon the discretion of the trustee in the cited case marks the distinction between it and the limitation upon the discretion of the trustee here under consideration. To like effect is Page on Wills, Vol. 3, p. 253. These last citations would be applicable had the will of Robert C. Hall, deceased, given full discretion to the trustee to determine the amount of money that should be paid to the stepdaughter without the qualification and the limitaton that so much thereof as is necessary for her care and comfort should be used.

Scott on Trusts in stating the rule as to the survival of the powers of the trustee designated in a will says that the rule is "that powers survive unless the settlor manifested an intention that they should be exercised only by the trustee originally named." Scott on Trusts, Vol. 2, Section 196.

Re Will of Arthur Doe, deceased, v. Ettenheim, 126 A. L. R. 926, and note, presents full discussion on the powers of a substituted trustee. The case and the note should be read. At page 936 of the note the annotator observes:

"Where the manifest object of a trust will be defeated if a discretionary power given to the trustee to invade principal or increase income payments is construed as a personal power, the courts will usually infer that the testator or settlor intended that the power should be incidental to the management of the trust and therefore exercisable by a successor trustee."

Many cases are cited to support the note.

It is evident that as the testator here designated a trust, named the cestui que trust and defined the purpose for which the corpus of the trust should be used, he did not contemplate that it would fail if the named trustee died before the cestui que trust even though he was given wide discretionary power in dispersing the money within the limitation defined.

Neither error is well made.

The judgment will be affirmed.

MILLER, PJ, and WISEMAN, J, concur.