## Trimble Estate.

Argued October 3, 1955. Before STERN, C. J., STEARNE, JONES, MUSMANNO and ARNOLD, JJ.

*Charles F. C. Arensberg,* with him *Ella Graubart, Richard B. Tucker, Jr.* and *Patterson, Crawford, Arensberg & Dunn,* for appellant.

*John C. Hanna,* with him *Metz, McClure, Hanna & MacAlister,* for appellee.

OPINION BY MR. JUSTICE ARNOLD, January 3, 1956:

T. P. Trimble, Jr., sole surviving trustee under the will of W. L. Trimble, deceased, appeals from the decree of the court below revoking his appointment of the Peoples First National Bank & Trust Company as a successor trustee to administer, with him, the trust established by the will; ordering the parties in interest to submit to the court nominees from among whom the court would select successor trustees; and staying administration other than normal receipts and disbursements until the appointments should be made.

The pertinent provision of the will reads: "I do hereby nominate and appoint Chas. P. Trimble, T. P. Trimble, William F. Trimble, Jr., T. P. Trimble, Jr. and Annetta F. Trimble trustees. After the death . . . of any of them I direct that *their successors* shall be chosen *by their survivors* . . . A *majority* of my trustees shall have all the power and authority given herein or under the law to the whole number above named. In case there should be a *complete vacancy* by reason of the death . . . of my trustees, *the beneficiaries* who are of full age *may choose and appoint not more than three trustees* . . ., or . . . *name a trust company* . . . *if they so desire,* with such powers and authority as may be vested in it by a majority of the interested parties . . ." (Italics supplied).

Two of the named trustees died without having qualified or served, and no successor trustees were appointed in their stead. The remaining three,—T. P. Trimble, William F. Trimble, Jr. and T. P. Trimble, Jr.,—proceeded to administer the trust. Subsequently, T. P. Trimble and William F. Trimble, Jr. died, no successor trustees being appointed until T. P. Trimble, Jr. attempted the appointment in question.

Three of the income beneficiaries of the trust filed their petition for revocation of the appointment made,

and for appointment of successor trustees under Section 901 of the Fiduciaries Act of 1949, as amended, whereupon the court below ordered as hereinbefore mentioned. This appeal is by the surviving trustee only, who contends that: (1) the will does not require five trustees at all times; (2) the sole surviving trustee may administer the trust; (3) the power to appoint successor trustees is vested in the surviving trustee and the court is without authority to appoint; (4) since the parties and the courts had permitted administration of the trust for a period of years without appointment of successor trustees, it constituted an interpretation permitting the action of the surviving trustee; and (5) the court had no power to stay administration until the court's appointment of successor trustees.

Of course full effect must be given to the intent of the testator as expressed in the words of his will, and the power granted being that of the named trustees to appoint their successors, it will be strictly construed. See *Boning's Estate,* 214 Pa. 19, 21, 63 A. 296, where the Court stated: "An authority so extraordinary in its character which is not only in derogation of the usual course of law but deprives the parties in interest of the right given to them by act of assembly to nominate a successor in the trust, can only be conferred by clear, unequivocal and unambiguous terms . . ." We cannot but hold that the testator intended that any substitution of trustees had to be made by more than one of the original trustees. He provided that "after the death . . . of any of them [trustees] . . . their *successors* shall be chosen by their *survivors.*" If he had desired that even *one* should have the power of appointment he could easily have so provided by using the singular. In the words of the court in *Bronson v. Bronson,* 48 Howard (N.Y), 481, 488, in which the problem was similar to the one in this case: "It is not to the trus-

tees and to the survivors and survivor of them, but it is to the trustees and survivors of them . . . this power of appointment to fill any vacancy caused by the death of any trustee, could only be exercised by all the surviving trustees; and . . . if two trustees [of three] should die, without the vacancy caused by the death of the first being filled, the power of appointment by the surviving trustee was forever gone." See also Perry on Trusts and Trustees, Vol. I, page 517; Hill on Trustees, page 188; *Union Trust Company v. Sheldon,* 84 Conn. 494. Cf. Scott on Trusts, Vol. I, page 566, §108.1.

This conclusion is further fortified by the testator's express direction that the powers given to "the whole number" of trustees were to be exercisable by "a majority" of them. Nowhere in the will is there any indication that the testator intended the sole surviving trustee to have the power here claimed.

It is particularly evident that he did not intend the appointment of a bank or trust company by the named trustees, for throughout his will he named individuals as executors, as trustees, and as guardians. Likewise he provided for the appointment of a "trust company" as successor trustee only in the event of a "complete vacancy by reason of the death of my trustees." Even in such case he provided first that the beneficiaries could appoint "not more than three trustees" as successors, but if they desired, they could name a trust company, and further could limit the powers of such successor trustee. There is no ambiguity in the language, nor is there any doubt as to his intention that it was necessary that more than one of the named trustees must choose successors, who must be individuals— not a trust company.

Although it appears from the record that no question is raised that the surviving trustee has but prop-

erly administered the trust, it must also be held that the court was not in error in providing for its appointment of successor trustees and in staying further administration by the surviving trustee in the meanwhile. True it is that the testator did not so provide, but a reading of the will makes clear that his intention was that not just one, but more than one, individual trustee should administer the trust. It is the right and the duty of the court to supervise the administration of the trusts under its jurisdiction, and the power of the court to appoint proper persons in keeping with the intention of the settlor is inherent in it for the proper exercise of its control. Compare *Bronson v. Bronson*, supra; and see also *McCaskey's Estate*, 293 Pa. 497, 143 A. 209; Hill on Trustees, page 190.

Decree affirmed; costs to be paid by the estate.