Frank Trust.

Argued April 19, 1960. Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN, BOK and EAGEN, JJ.

*John G. Buchanan* and *Louis Caplan,* with them *Robert F. Patton, Charles C. MacLean, Jr.,* and *Norman Dorsen,* of the New York Bar, and *Buchanan, Ingersoll, Rodewald, Kyle & Buerger,* and *Dewey, Ballantine, Bushby, Palmer & Wood,* for appellants.

*Abe R. Cohen,* with him *Richard S. Crone,* and *Crone and Cohen,* for appellee.

OPINION BY MR. JUSTICE BENJAMIN R. JONES, June 30, 1960:

These twelve appeals[1] present, in the main, two issues: (1) whether individual trustees, under the provisions of two inter vivos trust deeds, have the power to appoint an out-of-state fiduciary as a successor

---

[1] Each trustee had taken a separate appeal in both his individual and fiduciary capacity from the decision as to each of the three deeds of trust.

corporate trustee; (2) whether the court below abused its discretion in refusing to appoint an out-of-state fiduciary as a successor corporate trustee under three inter vivos trust deeds?

There are three inter vivos trust deeds herein involved: (a) an inter vivos trust deed dated January 3, 1927 wherein the settlor was Isaac W. Frank and the original trustees were the said Isaac W. Frank and the Bank of Pittsburgh, National Association (herein termed Pittsburgh Bank); (b) two inter vivos trust deeds dated May 21, 1930 in one of which Isaac Frank was the settlor and in the other of which his wife, Tinnie K. Frank, was the settlor and the original trustees in both deeds were William K. Frank, Robert J. Frank and S. J. Anathan (sons and son-in-law, respectively of the settlors) and the Pittsburgh Bank. When the three trusts were created the settlors and individual trustees all lived in Pittsburgh.

Isaac W. Frank died on December 1, 1930 and he was succeeded in the 1927 trust by the same individual trustees named in the 1930 trust deeds. The Pittsburgh Bank became insolvent and, on December 1, 1931, its Receiver notified the individual trustees in all three estates that the Pittsburgh Bank was resigning as corporate trustee in all three trusts. Eventually Bessie F. Anathan (settlors' daughter) succeeded to the position of trustee originally held by her husband, S. J. Anathan. The management of the trusts since December 1931 has been in the hands of the individual trustees, particularly William K. Frank,[2] no corporate trustee in succession to the Pittsburgh Bank ever having been appointed.

---

[2] William K. Frank, without compensation, has been largely instrumental in the management of the trusts. Mr. Frank, a New York resident, strongly urges the appointment of a New York fiduciary as a matter of convenience in the management of the trusts.

From 1927 to October 4, 1935 all trust assets had their situs in Pittsburgh where the trust office was also located. In 1930 Frank Securities Corporation, a Delaware corporation, was formed and all the trust assets were transferred to that corporation with the trusts receiving, proportionately to each trust interest, stock in that corporation. On October 4, 1935 a Delaware partnership known as Frandel Partnership was created and all the stock in the corporation was turned over by the trusts to that partnership, each trust receiving, in return, its fractional interest in the partnership. At that time all the corporation, partnership and trust assets were transferred from Pittsburgh to Wilmington, Delaware, the trust assets being placed in the Wilmington Trust Company which held them in nominee registration. Both the corporation and partnership were later dissolved and their assets transferred to the three trusts. In January, 1957 all the trust assets were transferred to the Fiduciary Trust Company of New York (herein termed Fiduciary) which placed them in its vault in nominee registration. Pursuant to an order of the Orphans' Court of Allegheny County, all the trust assets have been returned to a Pittsburgh fiduciary which now holds them in a custodial capacity. The assets of all three trusts, originally valued at approximately one and one-half million dollars, now have an estimated value in excess of fourteen million dollars.

At the present time William K. Frank is a New York resident, Robert J. Frank a California resident and Mrs. Anathan a Pennsylvania resident living in Pittsburgh. Mrs. Anathan's two children and five grandchildren live in Pittsburgh; one of William K. Frank's four children and four of his nine grandchildren live in Pittsburgh; Robert J. Frank's two children and four grandchildren live in Pittsburgh. All these children and grandchildren are parties in interest under all three trusts.

A first and partial account in all three trusts was filed by the individual trustees in 1949 in the Orphans' Court of Allegheny County and, on June 27, 1949, that court confirmed the accounts and awarded the balances to the three individual trustees. In connection with these accounts, the court appointed one Abraham Pervin as trustee ad litem to represent various minor and unborn interests in the trusts. In Pervin's report to the court he stated, inter alia: "I do not think it is incumbent upon the individual Trustees to appoint a successor to the dissolved Corporate Trustee. I also feel that it is for the best interests of the minors and all other parties whom I represent that no corporate trustee be appointed to act with the present individual Trustees . . . that the addition of a corporate trustee in this estate would be a useless extravagance and would involve the interests which I represent in unnecessary expenditures".

On February 1, 1957 a second and partial account was filed in all three trusts in the Orphans' Court of Allegheny County and that court appointed Abe R. Cohen as trustee ad litem ". . . of all interests in posse in the . . . trust and of all persons who may be under a disability having an interest therein." On March 21, 1957 the individual trustees petitioned the court to appoint Fiduciary, an out-of-state fiduciary, as the successor corporate trustee in all three trusts and all parties in interest who were sui juris joined in that petition. In a report to the court the trustee ad litem recommended the appointment of a corporate trustee but opposed the appointment of Fiduciary.

At a hearing[3] held before the court on January 16, 1958, the trustees then took the position that, while

---

[3] At this hearing William K. Frank, Jacob Lustig (a New York stock brokerage firm counsel) and John Fiske (Fiduciary's president) testified.

the court alone had the power to appoint a successor corporate trustee under the 1927 trust,[4] they, the individual trustees, had the sole power to appoint a corporate trustee under the 1930 trusts and to that end presented to the court written instruments appointing Fiduciary as successor corporate trustee under the 1930 trusts. President Judge BOYLE held that there was no power to appoint a successor corporate trustee in the individual trustees under the 1930 trusts and he refused to appoint Fiduciary in any of the three trusts. Upon affirmance of those decrees by the court en banc, these appeals were taken.

We initially must consider whether, under the 1930 trust deeds, the individual trustees had the power to appoint Fiduciary as the successor corporate trustee. Such power, if it exists, must be found in the language of identical paragraphs 6(e) in both trust deeds: "Said three individual Trustees, or the survivors or survivor of them or their successors, may *at any time demand the resignation of the* [Pittsburgh Bank], as Trustee, and in that event shall appoint a bank or trust company as successor to serve as Trustee. The said William K. Frank, Robert J. Frank and S. J. Anathan, co-trustees herein, or the survivors or survivor of them, if they so desire, shall have the right to appoint a successor or successors to those of their number who may die or resign or for any reason be unable to act, who, in turn, may appoint successors so that there may be an individual Trustee or individual Trustees, not to exceed three in number, to act with the [Pittsburgh Bank], or its successor. In case of any vacancy or vacancies among the Trustees as hereinbefore constituted, the others or other shall in each and every respect have all the power and authority conferred on all." (Emphasis added).

---

[4] The court was requested to appoint Fiduciary as the successor trustee under the 1927 trust.

The trustee ad litem contends: first, that the trustees have no power of appointment of a successor corporate trustee under the language of the 1930 trust deeds; second, even if the trust provisions be construed to give them this power, the trustees by their conduct have forfeited their power; third, assuming, *arguendo,* that the trustees have the power of appointment and such power has not been forfeited, the trustees, by reason of the Banking Code of Pennsylvania,[5] cannot appoint a foreign or out-of-state fiduciary.

Both the trustee ad litem and the court below emphasize the rules of construction set forth in *Boning's Estate,* 214 Pa. 19, 63 A. 296 and *Trimble Estate,* 383 Pa. 443, 119 A. 2d 51. In *Boning* we stated that the authority to appoint a successor executor could only arise from "clear, unequivocal and unambiguous terms"; in *Trimble* we said that the power in a trust instrument to name successor trustees must be "strictly construed". Mindful of both *Boning* and *Trimble,* we still must not lose sight of the fact that in the construction of language in a written instrument we must avoid a construction which will constitute a highly improbable intent: *Walker Estate,* 376 Pa. 16, 22, 23, 101 A. 2d 652.

That Mr. and Mrs. Frank, settlors, had the right to select the manner in which a corporate successor trustee should be chosen is clear: *Zerbey Estate,* 356 Pa. 2, 6, 50 A. 2d 681; *Rowland v. Moore,* 239 Pa. 513, 518, 86 A. 1064. The court below took the position that under the 1930 trust deeds "the power to appoint" was limited to the *event* that the individual trustees *demand the resignation* of the original corporate trustee . . .", and since the Pittsburgh Bank *resigned* without any *demand* by the individual trustees, the trustees lack the

---

[5] Act of May 15, 1933, P. L. 624, art. XV, §1506B; Act of Jan. 2, 1934, Sp. Sess., P. L. 128, §1, as amended by Act of May 20, 1949, P. L. 1539, §1, 7 PS §819-1506B.

"power to appoint". In our view, such a construction is not a strict, but a super technical interpretation of the language of these trust deeds required neither by *Boning* nor *Trimble*. Our examination of the trust language indicates that it was the manifest intent on the part of the settlors that the *event* which would give rise to the individual trustees' power to appoint was the corporate trustee's *resignation*. The corporate trustee did resign. True, that resignation took place by operation of law[6] rather than by submission to a demand on the part of the trustees; nevertheless, that constituted the event upon the happening of which settlors intended the individual trustees to have the right to select the successor to the corporate trustee. Appellants well state in their brief: "To require the individual trustees to demand the resignation of [Pittsburgh Bank] when it was insolvent and in receivership [a legal status which made it impossible for the Bank to continue to act] would mean that they were obligated to perform that kind of vain and useless act that, traditionally, courts have not required parties to perform. See, e.g., Weinglass v. Gibson, 304 Pa. 203 (1931)". In other jurisdictions in somewhat like circumstances courts have refused a technical construction: *Browne v. Rogers*, 1 Houst. (Del.) 569; *Bishop v. Bishop*, 56 Conn. 208, 14 A. 808; *Estate of Crosby*, 218 Minn. 149, 15 N.W. 2d 501. When the Pittsburgh Bank resigned, the individual trustees had the power to appoint its successor.

Has such power of appointment been forfeited by the conduct of the trustees? The conduct which the trustee ad litem urges acted as forfeiture of the power to appoint was the trustees' failure to exercise this power of appointment for 27 years and the trustees' invocation of the aid of the Orphans' Court in 1957 to

[6] Federal Reserve Regulation F. Series of 1930, Section XIII.

appoint the successor trustee. The mere failure on the part of the trustee to exercise the power of appointment for a long period of time did not act as a forfeiture, especially when no one has been shown to have been prejudiced thereby, when the former trustee ad litem opposed the appointment of any corporate trustee and when the Orphans' Court in 1949 by its award of the balances for distribution to the individual trustees had, by implication, countenanced the failure to appoint. The trustee ad litem claims that, after the trustees had asked the court to appoint a successor trustee, they cannot turn around and claim that they alone have the power of such appointment,[7] citing in support of his position *McCaskey's Estate,* 307 Pa. 172, 160 A. 707 and *Commonwealth ex rel. Camp v. Camp,* 150 Pa. Superior Ct. 649, 29 A. 2d 363. In our view, by reason of an entirely different factual situation herein present, neither *McCaskey* nor *Camp* controls the present issue. The power of the orphans' court to appoint any successor trustee is "subject to the provisions, if any, of the trust instrument"; until it was determined that the trustees had no power of appointment under the provisions of the 1930 trust deeds, the orphans' court lacked the power of appointment. The "change of front" on the trustees' part did not forfeit the power of appointment.

Of much greater difficulty is the resolution of the question whether the trustees, possessing the power to appoint a successor trustee, can appoint a foreign or out-of-state fiduciary. The Banking Code of Pennsylvania, supra, Section 1506B provides: "B. A corporation, organized under the laws of any state of the

---

[7] It is urged, with good reason, that the trustees' claim of the power to appoint arose only *after* the trustees learned of the opposition to the Fiduciary's appointment both by the trustee ad litem's report and some remarks made by the court in open court.

United States other than Pennsylvania, shall not have authority to act in this Commonwealth, as trustee . . . unless it shall be appointed such fiduciary . . . by deed of trust inter vivos, or by any court or register of wills of this Commonwealth . . .". A foreign fiduciary cannot act as a trustee in Pennsylvania unless it is appointed within the terms of that statute. The court en banc in its opinion said: "It is obvious from the 1930 deeds of trust that the Fiduciary Trust Company of New York is not appointed by the terms of either of them as successor corporate trustee and it is equally obvious that the individual trustees are not granted by the trust instruments the express or implied power to appoint a foreign corporate fiduciary as successor to the Bank of Pittsburgh."

For many years a foreign trust company, even when expressly named in a will or deed of trust, could not act as a fiduciary in Pennsylvania: Act of May 20, 1921, P. L. 991, §1.[8] In 1933 that legislative policy was changed and a foreign fiduciary was permitted to act in Pennsylvania where the instrument itself names such fiduciary, i.e., the maker of the instrument thus assumes responsibility, or where a court or register of wills makes the appointment and thus assumes the responsibility. The argument that, even though Fiduciary was not expressly named in the deeds of trust themselves yet if the trustees have the power to appoint under the instruments impliedly Fiduciary's appointment arises by virtue of the trust deeds, overlooks the basic legislative intent which is that the maker of the instrument assume responsibility for the foreign fiduciary by expressly naming him—an express, rather than an implied, appointment. What the legislature had in mind is clear: that the foreign fiduciary be appointed

---

[8] Cf: amendment by Act of May 23, 1923, P. L. 356, in cases of reciprocity between states.

624

eo nominee. The trustees do have the power to appoint a successor to the Pittsburgh Bank under the 1930 deeds of trust but, by reason of the legislative policy in relation to the appointment of foreign fiduciaries, they cannot appoint Fiduciary which was not appointed eo nominee in the trust deeds.

The power of appointment of a successor corporate trustee under the 1927 deed of trust is in the Orphans' Court of Allegheny County, and, in the exercise of that power, that court has seen fit to refuse to appoint Fiduciary for the reasons stated in its opinion. In passing upon the propriety of its action in that respect we review the record to ascertain whether that court has manifestly abused its discretion; absent such abuse of discretion, we will not reverse its action: *Ranck Estate,* 381 Pa. 332, 337, 112 A. 2d 105; *Garrison Estate,* 391 Pa. 234, 237, 137 A. 2d 321.

A successor trustee is usually appointed by the Orphans' Court upon the application of a party in interest after notice to all parties in interest (*McCaskey's Estate,* 293 Pa. 497, 503, 143 A. 209) and the court usually selects the successor trustee from the nominees submitted by the parties in interest unless the nominee is not fit to serve: *Zerbey Estate,* supra; *Anderton v. Patterson,* 363 Pa. 121, 127, 69 A. 2d 87; *McCaskey's Estate,* supra. Our review of the record, including the opinions of President Judge BOYLE and the court en banc, indicates that full and complete consideration was given to all the factors which indicated or contra-indicated the suitability of Fiduciary for appointment. The court concluded that, under the circumstances, the appointment of *any* foreign fiduciary as successor corporate trustee would not be for the best interests of this estate. Within the scope of our permissible review we find no abuse of discretion on the part of the court below and must affirm its refusal to appoint Fiduciary under the 1927 trust.

The result of our decision is that the individual trustees have the power to appoint the successor to the Pittsburgh Bank under the 1930 trusts but not the power to appoint Fiduciary or any other foreign fiduciary and that the Orphans' Court of Allegheny County has the power to appoint the successor corporate trustee under the 1927 trust. Our scrutiny of this record indicates that for the best interests of all three trusts a corporate trustee in succession should be appointed and that the *same trustee should be appointed for all trusts.* These three trusts have been administered over the years as one unit; that type of administration should continue. The individual trustees, the trustee ad litem and the court should agree on a corporate fiduciary located in Pittsburgh and appoint that fiduciary as the successor trustee in all three trusts.

Decree in No. 854 of 1949 is affirmed. The decrees in Nos. 855 and 856 of 1949 are reversed. Costs to be paid by the three trust estates, pro rata.

DISSENTING OPINION BY MR. JUSTICE BELL:

In my judgment, Section 1506 B of the Banking Code of Pennsylvania—which authorizes a foreign corporation to act as trustee in this Commonwealth when it shall be appointed such fiduciary "by deed of trust inter vivos or by any Court or Register of Wills of this Commonwealth"—is too narrowly construed and unwisely restricted by the majority Opinion. In these days of reciprocal banking laws, when America is "flying", when residents of every state often have multiple dwellings and businessmen multiple plants, and when people are frequently moving their homes and their businesses, when New York is "just around the corner," when banks are doing an interstate business and are thoroughly examined and strictly supervised, the Bank-

ing Code should receive a liberal rather than a narrow restrictive construction. I believe the Legislature intended to allow a foreign bank to act as fiduciary in Pennsylvania,* whenever it is appointed as fiduciary under the terms of the deed of trust, whether expressly appointed by the settlor or by a trustee thereof by, with and under the settlor's authority. The ancient maxim "qui facit per alium facit per se" is particularly applicable in this case.

With respect to the successor corporate trustee-bank to be appointed by the Orphans' Court of Allegheny County under the deed of trust of 1927, that Court would retain complete control of these trust funds and of a New York bank-trustee. In my judgment there is no justification, except natural local pride, for refusal to appoint at the request of all the parties in interest a highly reputable New York bank as co-trustee.** I believe the action of the lower Court was a clear abuse of discretion.

For these reasons I would reverse, in each case, the decree of the lower Court.

---

* and reciprocally.

** Under a thinly disguised feeling of reciprocity, New York will reciprocate and Pennsylvania banks and trust companies will be the sufferers.