IN RE TRUST OF SELSOR.

(No. CA83-03-012—Decided November 30, 1983.)

*Messrs. Martin, Browne, Hull & Harper* and *Mr. Walter A. Wildman,* for appellant.

*Per Curiam.* This cause came on to be heard upon an appeal from the Court of Common Pleas of Madison County.

Della Selsor, a resident of Madison County, Ohio, died in September 1964. Her last will and testament was admitted to probate in Madison County. After making a series of specific cash bequests, the remainder of Selsor's estate was placed in a charitable trust. By the provisions of Item Eleven of the will, Virgil Kirkham and Oscar T. Martin were named as trustees. Both individuals were residents of Clark County, Ohio, and both were duly appointed as trustees of the trust created by Item Eleven.

Item Eleven of Selsor's will provided, *inter alia,* that:

"(B) The trustees above named and/or their successors in trust shall have in addition to and not in limitation of powers hereinabove set forth or conferred by law, the following powers exercisable at any time:

"* * *

"(6) In the event any of the *above named trustees* shall die, resign or fail to qualify and the right to resign is herein specifically granted, jurisdiction is hereby granted to the Common Pleas Court of Madison County, Ohio, to appoint a successor trustee; *such appointment of a successor trustee* by the Common Pleas Court of Madison county, Ohio, *shall be upon the recommendation of the remaining trustee or trustees.*" (Emphasis added.)

In March 1970, Kirkham died. In accordance with Item Eleven of the will, Martin recommended the appointment of Anson E. Hull, a resident of Clark County, as the successor trustee for the vacancy created by Kirkham's death. On January 24, 1971, the Court of Common Pleas of Madison County duly appointed Hull as co-trustee to the trust created by Selsor's will.

Following this sequence of events, in January 1976, the court of common pleas and probate court were consolidated with jurisdiction vesting in the court of common pleas, probate division.

Hull died on February 8, 1983. Martin, as the sole remaining trustee, filed an application to have Glenn W. Collier appointed as co-trustee. Like his predecessors, Collier was a resident of Clark County. On March 3, 1983, Martin received a copy of a journal entry dated March 2, 1983, stating in part the following:

"And having considered the provisions of the said Will of Della Selsor, deceased, and the statutes in such cases made and provided, the Court finds that the recommendation of the Co-Trustee [Martin] cannot be followed;

"And considering further the matter of said appointment of a sucessor Co-Trustee, the Court, *en banc,* finds that a resident of Madison County, Ohio, should be so appointed and further finds that Timothy R. Stonecipher, * * * is a suitable person for said responsibility;

"WHEREFORE, upon filing of the trustee's acceptance he shall be issued Letters of Trusteeship to serve with the said surviving Co-Trustee; * * *."

This journal entry was signed by both the common pleas court judge and the judge of the common pleas court's probate division.

Martin, the surviving trustee, appealed the order set forth above. Martin argues one assignment of error which alleges that the journal entry for the appointment of the nominee designated by the court was contrary to the terms and provisions of the will of Della Selsor which created the trust, and that said entry was arbitrary, contrary to law, and constituted an abuse of discretion on the part of the court.

Our consideration of the questions raised by this appeal requires a close and careful examination of the testamentary instrument involved. We must scrutinize the pertinent provisions of Selsor's will in order to resolve the propriety of the court's appointment of a trustee other than the individual recommended by Martin.

In actions which have sought the construction of a decedent's will, the court's purpose is to ascertain and carry out the intention of the testator. *Sandy* v. *Mouhot* (1982), 1 Ohio St. 3d 143; *Ohio National Bank* v. *Adair* (1978), 54 Ohio St. 2d 26 [8 O.O.3d 15]. Although the primary purpose of the case at bar is to seek relief from a lower court order, appellant's right to that relief cannot be fully adjudicated absent a construction of the will provisions in question. As such, we must first determine the intent of the testatrix. That intent is to be ascertained from the words contained in the will. *Wills* v. *Union Savings & Trust Co.* (1982), 69 Ohio St. 2d 382 [23 O.O.3d 350]; *Carr* v. *Stradley* (1977), 52 Ohio St. 2d 220 [6 O.O.3d 469].

The provisions of Selsor's will which require our attention concern the selection and appointment of successor trustees for the testamentary trust established by Item Eleven. By the terms of Item Eleven, Kirkham and Martin are named as the original trustees. Paragraph (B)(6) granted jurisdiction to the Court of Common Pleas of Madison County to appoint a successor trustee. However, such appointment was subject to the recommendation of the surviving trustee or trustees.

These powers of appointment and recommendation appear to be predicated upon a vacancy created by the death, resignation or inability to serve on the part of any of the "above named trustees." A question then arises whether these related powers are limited to a vacancy of one of the original trustees, *i.e.*, Kirkham and Martin. The situation presented by the case at bar does not involve the vacancy of one of the original trustees, but rather the vacancy created by the death of Hull, a successor to one of the original trustees. Thus, the argument exists that the power of a surviving trustee to recommend a successor is limited to a vacancy created by the death, resignation or other inability to serve on the part of one of the original trustees.

Paragraph (B) of Item Eleven states that the powers enumerated therein were granted to the trustees "above named and/or their successors," and that such powers were "exercisable at any time." This language suggests that the powers are continuing in nature. In *Huston* v. *Dodge* (1913), 111 Me. 246, 88 A. 888, the Maine Supreme Court held that a power granted to a surviving trustee to nominate a successor in the event of a vacancy was a continuing power, to be exercised not only by the original trustees, but by successor trustees as well. In light of the language used by the decedent, we hold that the powers set forth in Item Eleven were designed to be granted to both the original and successor trustees, to be exercisable at any time; and that it was the intent of the testatrix that the surviving trustee's power to recommend a successor be continuing in nature. This power may be exercised by either an original trustee or a successor trustee, and applies to any vacancy, whether that

of an original trustee or a successor trustee.

Where a will provides for the selection process of a successor trustee, "[t]he intention of the testator as it affects the power of the Court to name a successor trustee is controlling." *In re Estate of Hall* (App. 1951), 60 Ohio Law Abs. 524, 526. Since the surviving testamentary trustee is given the authority to nominate the successor of a deceased trustee, full effect is to be given to the intent of the testator as expressed in the will. See, generally, *In re Estate of Trimble* (1956), 383 Pa. 443, 119 A.2d 51; Annotation (1958), 57 A.L.R.2d 887; 76 American Jurisprudence 2d (1975) 373, Trusts, Section 132.

"The Probate Court, while it has broad discretionary powers, cannot without sound reason go directly against the expressed wishes of a settlor." *In re Trust of Labold* (1947), 148 Ohio St. 332, 341 [35 O.O. 318]. While Selsor granted the power to appoint a successor trustee to the court, such power of appointment was limited to those nominees designated or selected by the surviving trustee or trustees. The provisions of the will indicate that the testatrix intended that the surviving trustee should play an important role in the process of filling a vacancy in the other trustee position. The appropriate rule is set forth in *Labold, supra,* at 341, wherein the Supreme Court stated that, "[u]nder such circumstances it * * * [is] the duty of the Probate Court to follow the recommendations of such person [surviving trustee] as to who should be a cotrustee unless the person chosen as a cotrustee was incompetent to administer the trust and such appointment would be detrimental to the trust."

From the court's journal entry of March 2, 1983, it appears that the court refused to follow Martin's recommendation on the basis that Collier was not a resident of Madison County. The court then proceeded to appoint a Madison County resident as cotrustee. Residency in and of itself is not a sufficient standard for adjudicating the fitness or competency of a potential trustee. The only consideration pertaining to residency is that the trustee be a resident of Ohio. R.C. 2109.21. The mere fact that Collier was not a Madison County resident is not enough to support a finding that he is unfit to act as a trustee or that his appointment would be detrimental to the trust. Any rejection must be founded on good cause.

We hold that the court's procedure in failing to follow the recommendation of the surviving trustee was arbitrary, contrary to the terms of the trust and the testatrix's intent, and that such action constituted an abuse of discretion. See *Labold, supra.*

Accordingly, appellant's assignment of error is well-taken and is hereby sustained. The order of the lower court is reversed and the cause is remanded for a hearing on the determination of Collier's fitness for the position of trustee. Absent a finding that the nominee is unqualified and unfit, we see no reason why the recommendation of the surviving trustee should not be followed. Additionally, the surviving trustee should be afforded the opportunity to recommend a different nominee should the court find that his primary choice is unfit.

The assignment of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment herein appealed from is reversed and the cause is remanded for further proceedings according to law and not inconsistent with this decision.

*Judgment reversed*
*and cause remanded.*

KOEHLER, P.J., and JONES, J., concur.

CRAMER, J., retired, of the Court of Common Pleas of Butler County, was

assigned to active duty under authority of Section 6(C), Article IV, Constitution, but died prior to the announcement of this decision.