Sohngen, J.
 

 The basic question involved in this case concerns the extent of the authority of the Probate Court in appointing testamentary trustees.
 

 The primary powers and jurisdiction of the Probate Courts in this state arise from or through Section 8, Article IV of the Constitution of Ohio, which reads as follows:
 

 “The Probate Court shall have jurisdiction in probate and testamentary matters, the' appointment of' administrators and guardians, the settlement of the accounts of executors, administrators, and guardians, and such jurisdiction in
 
 habeas corpus,
 
 the issuing of marriage licenses and for the sale of land by executors, administrators, and guardians, and such other jurisdiction, in any county, or counties, as may be provided by law;. ’ ’
 

 The Constitution is supplemented by the Ohio statutes in general and in regard to this case specifically by Section 10501-53, General Code, pertinent parts of which are as follows:
 

 “* * * the Probate Court shall have jurisdiction: *• # «S
 

 “4. To appoint and remove guardians and testamentary trustees, direct and control their conduct, and settle their accounts; * * *
 

 “13. To direct and control the conduct of fiduciaries and settle their accounts.
 

 “Such jurisdiction shall be exclusive in the Probate Court unless otherwise provided by law.
 

 “The Probate Court shall have plenary power at law and in equity fully to dispose of any matter properly before the court, unless the power is expressly
 
 *338
 
 otherwise limited or denied by statute.”
 

 The appellees in this case contend that where the court has originally refused to appoint a nonresident as sole trustee and has required and appointed a resident cotrustee, on the death of the resident cotrustee, the court may on its own motion appoint a new co-trustee pursuant to authority contained in Section 10506-55, General Code, which reads as follows:
 

 “If a sole fiduciary dies, is dissolved, declines to accept, resigns, is removed, or becomes incapacitated or otherwise unable to act,' prior to the termination of the trust, the Probate Court shall require a final account of all dealings of such trust to be filed forthwith by such fiduciary if a living person and able to act; or if such fiduciary be a living person but unable to act, by his guardian, if any, or if there be no guardian, by some other suitable person in his behalf, appointed or approved by the court; or if such fiduciary be a deceased person, by his executor or administrator; or if such fiduciary be a dissolved corporation, by such person -or persons as may be charged by law with winding up the affairs of such corporation. Thereupon the Probate Court shall cause such proceedings to be had as are provided by law as to other accounts filed by fiduciaries. x
 

 “Whenever such a vacancy occurs and such contingency is not otherwise provided for by law, or by the instrument creating the trust, or whenever such instrument names no fiduciary whatever, the court shall, either on its own motion or on the application of any person beneficially interested, appoint and issue letters of appointment as fiduciary to some competent person or persons who shall qualify according to law and execute the trust to its proper termination. Such vacancy, and the appointment of a successor fiduciary shall not affect the liability of the former fiduciary, or his sureties, previously incurred.”
 

 
 *339
 
 Although it is true that Probate Courts have a wide discretion in the appointment and removal of trustees, that discretion is limited in certain instances by statute. Here, there is no doubt that if a sole trustee had been involved, the court under authority of Section 10506-55, General Code, could have, on its own motion, appointed a new trustee. However, this case does not involve a vacancy caused by the death of a sole trustee, but involves a vacancy caused by the death of a cotrustee. This situation is specifically dealt with by Section 10506-56, General Code, which reads as follows:
 

 “When two or more fiduciaries have been appointed jointly to execute a trust, and one or more of them dies, declines, resigns or is removed, the title shall pass to the surviving or remaining fiduciary or fiduciaries who shall execute the trust, unless the creating instrument expresses a contrary intention or unless the court on the application of one or more of the beneficiaries or other persons interested in the trust otherwise determines. The surviving fiduciary or fiduciaries shall within ninety days after the death, resignation or removal of a cofiduciary, file in the court a complete account covering all matters to the time of such death, resignation or removal.”
 

 As may be seen by an examination of that section, the death of a cotrustee vests title in the surviving trustee, and a new cotrustee may not be appointed unless the trust instrument provides for such appointment or unless a beneficiary moves for the appointment of a new cotrustee. When two or more trustees are appointed to administer the affairs of a trust, the title to the trust
 
 res
 
 is vested in them jointly and, unless the intention of the settlor is otherwise manifested, the powers of the trustees are joint powers and can be exercised only by the joint action of all the appointees. 1 Scott on Trusts, 548, Section 103; 40 Ohio
 
 *340
 
 Jurisprudence, 429, Section 169; 1 Restatement of Trusts, 516, Section 194.
 

 There is no authority granted 'in Section 10506-56, General Code, as there is in Section 10506-55, General Code, for the court on its own motion to appoint a new trustee. Whether cotrustees are designated by the instrument or whether, as in this case, the Probate Court, because of the nonresidence of the trustee appointed'by the instrument creating the trust, required the appointment of a resident trustee, Section 10506-56 applies, and no exception is made in the case of a 'nonresident surviving trustee. The court by its own act brought itself under the provisions of Section 10506-56, and that section acts as a limitation on the power of the Probate Court to appoint testamentary trustees prescribed in.Section 10501-53, General Code, unless the case be within one of the exceptions provided for in Section 10506-56, namely, * * unless the creating instrument expresses a contrary intention or unless the court on the application of one or morq of the beneficiaries or other persons interested in the trust otherwise determines.” The creating instrument expresses no contrary intention and there has been no formal application by beneficiary or other person interested in the trust. This being true, the Probate Court, -in appointing the successor cotrustee on its own motion, exceeded its statutory powers.
 

 Another question presented in this case for our consideration concerns the effect of the provision in the twelfth item of settlor’s will in the event the appointment of a cotrustee may be deemed -necessary under the exceptions contained in Section 10506-56, General Code. It is a well established principle of law that a testamentary instrument will be construed and applied so as to give effect to the desires of the testator. An examination of the provisions in this will clearly ■ indicates that the testatrix reposed great confidence
 
 *341
 
 and trust in the persons selected by her and obviously intended that they or someone chosen by them should have control over her property. The settlor placed her faith and her confidence in members of the Riesman family to administer the trust and clothed them with broad discretion. As was said by the court in
 
 Madden, Exr.,
 
 v.
 
 Shallenberger, Gdn.,
 
 121 Ohio St., 401, 410, 169 N. E., 450, “At any rate, whatever reason impelled the testatrix in the selection of the trustee, and in imposing broad discretion in him, if sufficient to her, must be sufficient to everyone else, including the court.”
 

 The Probate Court, while it has broad discretionary powers, cannot without sound reason go directly against the expressed wishes of a settlor. Here, for no sound reason, the Probate Court acted on its own motion without, proper hearing and without consulting the person who the settlor had said should designate the person to succeed him. The appellees argue that the,provision in the will of .testatrix said nothing about a cotrustee, but referred only to a trustee successor to the person named by her in her will. Nevertheless, it is obvious that her trust was reposed in certain named individuals and it was her intent that they or some person designated by them should control her property.
 

 The provision in her will implies that, in the event a cotrustee is needed, the testatrix intended that the person designated in her will should choose him.
 

 Under such circumstances it was the duty of the Probate Court to follow the recommendations of such person as to who should be a cotrustee unless the person chosen as cotrustee was incompetent to administer the trust and such appointment would be detrimental to the trust. Having failed to do so, it is our opinion that the Probate Court’s action was arbitrary and constituted an abuse of discretion.
 

 
 *342
 
 It follows that the judgment of the Court of Appeals must be. and hereby is reversed.
 

 Judgment reversed.
 

 Turner, Matthias, Zimmerman and Stewart, JJ., concur.
 

 Weygandt, C. J., and Hart, J., dissent.