GALBREATH, Appellee,

v.

DEL VALLE et al., Appellees; Firestone et al., Appellants.

GALBREATH, Appellee,

v.

DEL VALLE et al., Appellees; Firestone, et al., Appellants.

GALBREATH, Appellee,

v.

DEL VALLE et al., Appellants; Firestone et al., Appellees.

[Cite as *Galbreath v. del Valle* (1993), 91 Ohio App.3d 829.]

Court of Appeals of Ohio,
Franklin County.

Nos. 93AP–238 to 93AP–240, 93AP–242 to 93AP–244 and 93AP–252 to 93AP–254.

Decided Nov. 24, 1993.

*Baker & Hostetler, Robert M. Kincaid, Jr., Barry R. Robinson* and *John F. Winkler,* for appellee.

*Strauss & Troy, Richard S. Wayne* and *Steven F. Stuhlbarg,* for appellants David M. Firestone and Jeffrey Firestone.

*Joan E. O'Dell; Locke McKenzie,* for appellants Russell A. Firestone III and Andrew P. Firestone.

*Thompson, Hine & Flory, William C. Wilkinson, Thomas J. Bonasera* and *Elizabeth B. Wright,* for James Petropoulos, successor trustee.

---

JOHN C. YOUNG, Judge.

This matter is before this court upon the appeals of appellants, six of the grandchildren of Dorothy Bryan Galbreath, from the January 27, 1993 order of the Franklin County Court of Common Pleas, Probate Division, which appointed James Petropoulos as successor trustee of the Dorothy B. Galbreath family trust ("family trust") and which also ruled on a number of motions which were before the court. Appellants are six of the grandchildren of Dorothy B. Galbreath who claim to be beneficiaries of the family trust which is the residuary legatee of the estate of Dorothy B. Galbreath. Appellants are Russell Firestone III, Andrew P. Firestone, Douglas B. Firestone, Amy Firestone del Valle, Jeffrey A. Firestone and David M. Firestone, Jr. Appellees are various persons interested in the estate of Dorothy B. Galbreath or the family trust. Daniel M. Galbreath is the executor of the estates of Dorothy B. Galbreath and her husband, John W. Galbreath, trustee of the Dorothy Bryan Galbreath annuity trust and trustee of the family trust as well as a specific legatee under the will. Appellees B. Morgan Firestone, Russell A. Firestone, Jr., and Joan Galbreath Phillips are persons who have an interest in the estate of Dorothy B. Galbreath as specific legatees. Appellee Carey Ebert, as trustee in bankruptcy for Russell A. Firestone, Jr., has succeeded to the interest of Russell A. Firestone, Jr., in the Dorothy B. Galbreath estate. Appellees Mark A. Firestone, Leigh Firestone, Cindy Firestone Graham and Debbie Firestone Pfaff are four of the grandchildren of Dorothy B. Galbreath who claim to be beneficiaries of the family trust.

Russell A. Firestone III and Andrew P. Firestone have filed a brief in the instant case wherein they assert the following seventeen assignments of error:

"Assignment of Error No. 1: The Probate Court committed reversible error in entering its Order dated January 27, 1993, appointing James Petropoulos as Successor Trustee of the Dorothy B. Firestone Family Trust, u/a dated October 31 1978 ('Family Trust').

"Assignment of Error No. 2: The Probate Court committed reversible error in entering its Order dated January 27, 1993, denying the Motions to Dismiss for Lack of Jurisdiction over the persons of the Defendants.

"Assignment of Error No. 3: The Probate Court committed reversible error in entering its Order dated January 27, 1993, denying the Defendants' Motion to Reconsider Orders of December 31, 1992, January 5, 1993.

"Assignment of Error No. 4: The Probate Court committed reversible error in entering its Order dated January 27, 1993, denying the Defendants' Motion to Cancel the hearing set for January 25, 1993.

"Assignment of Error No. 5: The Probate Court committed reversible error in entering its Order dated January 27, 1993, denying the Defendants' Motion to Stay Proceedings.

"Assignment of Error No. 6: The Probate Court committed reversible error in entering its Order dated January 27, 1993, denying the Defendants' Motion to Strike the Complaints.

"Assignment of Error No. 7: The Probate Court committed reversible error in entering its Order dated January 27, 1993, holding that it had jurisdiction over the Family Trust.

"Assignment of Error No. 8: The Probate Court committed reversible error in entering its Order dated January 27, 1993, holding that the due process clause of the U.S. Constitution, Article 14, had been complied with and that the Defendants were afforded due process of law.

"Assignment of Error No. 9: The Probate Court committed reversible error in entering its Order dated January 27, 1993, holding that the counterclaims filed by the Defendants were permissive counterclaims.

"Assignment of Error No. 10: The Probate Court committed reversible error in entering its Order dated January 27, 1993, holding that the Defendants have voluntarily submitted themselves to the jurisdiction of the probate court.

"Assignment of Error No. 11: The Probate Court committed reversible error in entering its Order dated January 27, 1993, which order was contrary to the specific provisions of Article IV D of the Family Trust agreement which vested in the majority of the beneficiaries, the right to designate the successor corporate trustee of the Family Trust.

"Assignment of Error No. 12: The Probate Court committed reversible error in entering its Order dated January 27, 1993, in which it denied the beneficiaries of the Family Trust their rights under Article IV D of the Family Trust to designate their selected corporate successor trustee, Plave, Freeman and Goldberg, Inc.

"Assignment of Error No. 13: The Probate Court committed reversible error in entering its Order denying the Defendants' demand for jury trial on any of the issues raised in the Defendants' Complaint and Counterclaims.

"Assignment of Error No. 14: The Probate Court exceeded its statutory and constitutional power in entering its Order dated January 27, 1993, holding that its powers under the Declaratory Judgment Act vested it with jurisdiction to resolve

all the claims raised in this proceeding; including resolving the claims in summary proceedings without evidentiary hearings.

"Assignment of Error No. 15: The Probate Court committed reversible error in entering its Order dated January 27, 1993, holding that its powers under Ohio R.C. 2101.24 vested it with jurisdiction to resolve all the claims raised in this proceeding; including resolving the claims in summary proceeding without evidentiary hearings.

"Assignment of Error No. 16: The Probate Court committed reversible error in entering its Order holding that the court appointed Trustee did not have a conflict of interest, and that Thompson, Hine and Flory did not have a conflict of interest.

"Assignment of Error No. 17: The Probate Court committed reversible error in entering its Order denying the Motion of Douglas B. Firestone and Amy Firestone del Valle to disqualify and remove Rippner, Schwartz and Carlin."

David M. Firestone and Jeffrey Firestone have filed a brief which has been adopted by Amy Firestone de Valle and Douglas Firestone wherein they assert the following assignments of error:

"A.   First Assignment of Error

"The probate court of Franklin County erred by appointing a successor trustee for appellants' *inter vivos* family trust.

"B.   Second Assignment of Error

"The probate court of Franklin County erred by approving a method to compensate the successor trustee for his services that creates a conflict of interest for the successor trustee."

Appellees, Cindy Firestone Graham and Debbie Firestone Pfaff, as well as D. Morgan Firestone, have joined in the brief of appellee James Petropoulos, successor trustee of the family trust.

Although numerous assignments of error have been raised by the appellants herein, there is but one central issue in this case which encompasses the majority of appellants' assigned errors. The central issue is whether the probate court abused its discretion by appointing James Petropoulos as successor trustee of the family trust. Incorporated within this assigned error is the question of whether or not the probate court had jurisdiction over this matter so that the probate court had authority to rule. This court will address the above central issue and jurisdictional issue first. The discussion will incorporate the following assignments of error raised by Russell A. Firestone III and Andrew P. Firestone: one, two, three, four, five, six, seven, eight, nine, ten, eleven, twelve and fifteen as well

as the first assignment of error raised by David M. Firestone and Jeffrey Firestone, which was adopted by Amy Firestone del Valle and Douglas Firestone.

Preliminarily, this court agrees with the probate court's finding that that court had jurisdiction to hear the matter placed before it by Daniel Galbreath, as trustee of the family trust. The probate court was vested with jurisdiction pursuant to R.C. 2101.24, which provides, as follows:

"(A)(1) Except as otherwise provided by law, the probate court has exclusive jurisdiction:

" * * *

"(k) To render declaratory judgments, including, but not limited to, those rendered pursuant to section 2107.084 of the Revised Code;

" * * *

"(B)(1) The probate court has concurrent jurisdiction with, and the same powers at law and in equity as, the general division of the court of common pleas to issue writs and orders, and to hear and determine actions as follows:

" * * *

"(b) Any action that involves an inter vivos trust; * * *

" * * *

"(C) The probate court has plenary power at law and in equity to dispose fully of any matter that is properly before the court, unless the power is expressly otherwise limited or denied by a section of the Revised Code."

In order for the probate court to exercise its subject-matter jurisdiction in a proceeding involving a trust and multistate beneficiaries, the court must have jurisdiction over the trust, the trust property or the trust parties. See Bogert, Law of Trusts and Trustees (2 Ed.1992) 237, Sections 277–360. Unquestionably, the probate court had jurisdiction over the family trust, the trust property and the trustee.

The probate court also concluded that it had personal jurisdiction over six of the grandchildren, as beneficiaries of the family trust, because they filed permissive counterclaims. Appellants assert that the counterclaims that they filed in the within matter were compulsory counterclaims and that by the filing of such, they did not subject themselves to the personal jurisdiction of the probate court.

This court finds that whether the counterclaims filed by appellants were compulsory or permissive in nature, the probate court's jurisdiction over the individual beneficiaries is irrelevant. Jurisdiction over the trust beneficiaries is

not necessary unless affirmative relief is demanded from them. See Bogert, Law of Trusts and Trustees, *supra*, at 238–239, Section 292. The present action filed by Daniel Galbreath, as trustee of the family trust, was for declaratory judgment. Although appellants argue that the filing of this lawsuit was completely unnecessary, this court finds that the trustee was in a particularly difficult situation from which he needed to extricate himself. By filing the declaratory judgment action in the probate court, the trustee was seeking guidance and protection, on behalf of himself, the family trust and the beneficiaries. Inasmuch as the probate court had jurisdiction over the trustee and the trust property, it was not necessary for the probate court to have personal jurisdiction over the individual beneficiaries, appellants herein.

■ Inasmuch as this court has now determined that the probate court had jurisdiction to act in this matter, this court will address the question of whether the probate court abused its discretion in appointing James Petropoulos as successor trustee of the family trust. An abuse of discretion connotes more than just an error of law. It exists where the court's attitude, evidenced by its decision, was unreasonable, arbitrary or unconscionable. *Worthington v. Worthington* (1986), 21 Ohio St.3d 73, 21 OBR 371, 488 N.E.2d 150; *Huffman v. Hair Surgeon, Inc.* (1985), 19 Ohio St.3d 83, 87, 19 OBR 123, 126–127, 482 N.E.2d 1248, 1251–1252.

Article IV of the family trust provided as follows for the procedure to be followed in order to change the trustee:

" * * * Any trustee hereunder may resign upon written notice of not less than thirty (30) days to the Settlor, or if deceased to the income beneficiaries. In the event Daniel M. Galbreath shall die, resign or become unable to serve as Trustee, First Trust Company of Ohio, N.A., shall serve as Trustee. The Settlor, or if deceased[,] a majority in interest of the adult income beneficiaries and fathers or legal guardians (other than a daughter-in-law or former daughter-in-law of the Settlor) of minor income beneficiaries, at their discretion, may cause the removal of any trustee hereunder, and upon such removal, or upon the resignation of any corporate Trustee, shall designate another corporate Trustee, within or without Ohio, to serve as Successor Trustee hereunder. * * *"

Appellants argue that, inasmuch as they, as beneficiaries, have exclusive authority to appoint a successor trustee, the probate court abused its discretion when it appointed James Petropoulos as successor trustee. Appellants also contend that, even if they had been permitted to name the successor trustee, the probate court abused its discretion by insisting that any successor trustee be qualified to serve under Ohio law. Appellants argue that Article IV of the family trust vests them with the authority to appoint a successor trustee "within or without" the state of Ohio.

■ Appellants cite *In re Trust Created by Will of Labold* (1947), 148 Ohio St. 332, 35 O.O. 318, 74 N.E.2d 251, in support of their arguments. However, *Labold* does not foreclose the possibility of a probate court acting contrary to the intentions of the settlor of the trust. Instead, the *Labold* court held that the express intentions of a settlor regarding the appointment of a successor trustee should not be disregarded unless a good reason exists. Furthermore, the court held that application must be made by someone, the trustee, a beneficiary or other person interested in the trust before the court should exercise its authority to act. Specifically, upon the death of the settlor in *Labold,* the probate court refused to appoint her designated trustee as the sole executor and trustee on the ground that that person was a nonresident of Ohio. The court appointed a cotrustee. Upon the death of that cotrustee, and without formal hearing or consultation with the designated trustee, the court appointed a successor cotrustee. The *Labold* court held that in doing so on the court's own motion, without a formal hearing and without consulting with the designated trustee, the probate court had abused its discretion. In the present case, however, we are not faced with the same facts. Daniel Galbreath, as trustee, instituted the present action. The beneficiaries of the family trust were served with his action in declaratory judgment and were provided notice of all hearing dates by the court. Therefore, in that respect, the probate court did not abuse its discretion.

■ However, the question still remains as to whether the probate court abused its discretion in appointing James Petropoulos as successor trustee of the family trust. This court finds that the probate court did abuse its discretion. The complaint in declaratory judgment was filed October 14, 1992. Pursuant to a letter dated December 3, 1992, Daniel M. Galbreath informed the probate court and all persons claiming an interest in the family trust that he was resigning as trustee of the trust. The probate court set a hearing on the appointment of a new trustee for December 10, 1992 which was later rescheduled for December 17, 1992. At the December 17 hearing, the probate court heard requests from three of the appellants that they be given a further opportunity to reach a consensus among all the grandchildren/beneficiaries to agree on a successor trustee before the probate court appointed one. The probate court granted them a continuance until January 4, 1993 with the stipulation that the court would only approve a corporate trustee qualified to serve under R.C. Chapter 1109. Appellants received an extension until January 19 at which time they represented to the probate court that NationsBank was willing to serve as trustee and that they had obtained the agreement of eight of the grandchildren/beneficiaries to this appointment. The probate court scheduled a status conference for January 13 and set a hearing on the appointment of a trustee for January 25, 1993. Thereafter, on January 13, 1993, counsel for Russell Firestone III filed a motion seeking cancellation of the status conference because NationsBank now refused to accept

the appointment as trustee and appellants were trying to find another institution which was willing to serve. The probate court cancelled the status conference. At the January 25, 1993 hearing, counsel for appellants indicated that a Florida corporation called Plave, Freeman & Goldberg, Inc., had been designated by agreement of eight of the grandchildren/beneficiaries to serve as successor trustee. However, counsel was unable to establish that Plave, Freeman & Goldberg, Inc., was qualified to serve under Ohio law or that they were willing to qualify to serve under Ohio law. As such, the probate court then announced the appointment of James Petropoulos as successor trustee of the family trust.

This court finds that under the specific facts of this case, the probate court abused its discretion in appointing James Petropoulos as successor trustee. This court finds that appellants were not given enough time to secure a successor trustee when the consent of a majority of the beneficiaries living all over the United States is required and when any successor trustee is both obligated to investigate the situation and qualify under Ohio law before accepting the appointment as trustee. This court is not prepared to say how much time would have been reasonable to have given appellants in order to secure a successor trustee. However, this court notes that the time given over the Christmas and New Year holidays was not sufficient. Furthermore, although the probate court abused its discretion in appointing James Petropoulos as successor trustee, it would not have been an abuse of discretion for the probate court to have appointed James Petropoulos as an interim trustee to serve until such time as the grandchildren/beneficiaries could agree on a qualified corporate trustee. At the same time, however, this court notes that the probate court can and should set a reasonable time limit on the grandchildren/beneficiaries to reach an agreement. At the end of that time, if the grandchildren/beneficiaries have failed to nominate a qualified successor trustee, then the probate court may be in a position to appoint a successor trustee. Furthermore, pursuant to the terms of the family trust, the grandchildren/beneficiaries may, at any time, cause the removal of any trustee and may designate a successor trustee.

Although this court finds that appellants were not given sufficient time to secure a successor trustee, this court disagrees with appellants' assertion that the probate court erred in requiring any successor trustee to qualify under the laws of Ohio. Just as the probate court in *Labold* required a cotrustee resident of Ohio, it was not an abuse of discretion for the probate court to require the trustee to qualify under Ohio law.

In light of the foregoing, this court rules that the following assignments of error raised by Russell A. Firestone III and Andrew P. Firestone are overruled: assignment of error No. two, that portion of assignment of error No. three dealing with the December 31, 1992 order of the probate court wherein the court

held that it had jurisdiction over the beneficiaries and the trust, and assignment of error Nos. five, six, seven, eight, nine, ten, fourteen and fifteen. This court sustains the following assignments of error raised by Russell A. Firestone III and Andrew P. Firestone: assignment of error No. one, that portion of assignment of error No. three dealing with the January 5, 1993 order of the probate court which set the hearing on the appointment of a trustee as an abuse of discretion, and assignment of error Nos. four, eleven and twelve. Furthermore, this court sustains the first assignment of error raised by David M. Firestone and Jeffrey Firestone, which was adopted by Amy Firestone del Valle and Douglas Firestone.

Appellants' contention that they were entitled to a jury trial is without merit. As such, assignment of error No. thirteen is overruled.

By way of assignment of error Nos. sixteen and seventeen, appellants argue that the probate court should have refused to appoint James Petropoulos as successor trustee and the law firm of Thompson, Hine & Flory as attorney for Petropoulos inasmuch as both had a conflict of interest. This court has reviewed that part of the transcript wherein the potential conflicts of both Petropoulos and the law firm of Thompson, Hine & Flory were discussed before the probate court, and this court finds that appellants did not establish that the trial court abused its discretion in this regard. See *Dana Corp. v. Blue Cross & Blue Shield Mut. of N. Ohio* (C.A.6, 1990), 900 F.2d 882; *Manning v. Waring, Cox, James, Sklar & Allen* (C.A.6, 1988), 849 F.2d 222. As such, appellants' sixteenth and seventeenth assignments of error are overruled.

■ The last remaining error to be discussed is the second assignment of error raised by David M. Firestone and Jeffrey Firestone, which was adopted by Amy Firestone del Valle and Douglas Firestone. Appellants assert that the probate court erred in approving a method to compensate the successor trustee for his services which creates a conflict of interest for the successor trustee. Appellants argue that the successor trustee has an interest in settling the within matter simply in order to receive compensation. However, review of the transcript from the hearing and the court's order does not establish that such conflict of interest exists. By order of the court, the funds transferred from the estate of John W. Galbreath have no conditions attached and payment of the trustee does not depend upon his acceptance of the proposed settlement. In fact, the funds are not even restricted to the purpose for which the transfer was made, which purpose was to fund an investigation of the validity of the claims that appellants assert and to determine whether the proposed settlement is in the best interest of the trust. As such, the second assignment of error is overruled.

With regard to the assignments of error raised by Russell A. Firestone III and Andrew P. Firestone, the following assignments of error are overruled: assignment of error No. two, that portion of assignment of error No. three dealing with

the December 31, 1992 order of the probate court, assignment of error Nos. five, six, seven, eight, nine, ten, thirteen, fourteen, fifteen, sixteen and seventeen, as well as the second assignment of error raised by David M. Firestone and Jeffrey Firestone, adopted by Amy Firestone del Valle and Douglas Firestone. The following assignments of error are sustained: the first assignment of error, that portion of the third assignment of error dealing with the January 5, 1993 order of the probate court, the fourth assignment of error, the eleventh and twelfth assignments of error raised by Russell A. Firestone III and Andrew P. Firestone, as well as the first assignment of error raised by David M. Firestone and Jeffrey Firestone. The judgment of the Franklin County Court of Common Pleas, Probate Division, is modified as indicated in this opinion. This matter is remanded to the probate court so that the probate court can put on an entry designating James Petropoulos as interim trustee and providing a reasonable time period for the grandchildren/beneficiaries to produce a qualified successor trustee acceptable to the court and for further proceedings consistent with this opinion.

*Judgment modified*
*and cause remanded.*

REILLY, J., concurs.

WHITESIDE, J., concurs in part and dissents in part.

ARCHER E. REILLY, J., retired, of the Tenth Appellate District, sitting by assignment.

WHITESIDE, Judge, concurring in part and dissenting in part.

To the extent the majority opinion finds the trial court abused its discretion in appointing a successor trustee, I must respectfully dissent.

Since the original trustee had resigned and the beneficiaries had not designated a proper qualified trustee, the trial court necessarily had to appoint someone to serve as trustee. However, the order should have indicated that such appointed trustee serve only until such time as the beneficiaries designate a proper qualified trustee as determined by the trial court. Otherwise, I concur in the opinion.