**STATE ex rel. SLADOJE, Trustee,**

v.

**BELSKIS, Judge.**

[Cite as *State ex rel. Sladoje v. Belskis,* 149 Ohio App.3d 190, 2002-Ohio-4505.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 02AP–59.

Decided Sept. 3, 2002.

Charles W. Gayton, for petitioner.

Betty D. Montgomery, Attorney General, and Jeffrey L. Glasgow, Assistant Attorney General, for respondent.

BOWMAN, Judge.

{¶ 1} Petitioner, Mark Sladoje, Jr., has filed an original action in prohibition requesting this court to issue a writ of prohibition ordering respondent, Lawrence Belskis, Judge of the Franklin County Court of Common Pleas, Probate Division, to desist from removing petitioner as a successor trustee of an inter vivos trust that is the subject of a declaratory judgment action pending in the probate court.

{¶ 2} This court referred the matter to a magistrate, pursuant to Civ.R. 53(C) and Section (M), Loc.R. 12 of the Tenth District Court of Appeals. The magistrate issued an order to show cause why the complaint should not be dismissed for failure to state a claim upon which relief could be granted. See Appendix.

{¶ 3} Petitioner responded to the order to show cause, although respondent failed to do so. The magistrate issued a decision including findings of fact and conclusions of law and decided that the probate court has jurisdiction over an inter vivos trust, pursuant to R.C. 2101.24, and that the complaint for a writ of prohibition should be dismissed. Petitioner has filed objections to the magistrate's decision and argues that the probate court clearly lacks jurisdiction over an inter vivos trust.

{¶ 4} The following facts are taken from petitioner's complaint for a writ of prohibition.

{¶ 5} Petitioner is the successor trustee of an inter vivos trust executed by Ruth Moore in November 1991. Petitioner was appointed in 1996 by an amendment to the trust. Michael Moore and Melody Quesenberry are beneficiaries of the trust. Mrs. Moore died in 1999. Mr. Moore filed a declaratory judgment action in probate court naming petitioner as a defendant, and, as part of that action, a probate court magistrate ordered petitioner to file an accounting. Petitioner complied with the magistrate's order and filed an accounting, and Mr. Moore filed exceptions to that accounting. Petitioner filed a motion to dismiss the exceptions, arguing that the probate court had no jurisdiction to rule on the exceptions. The magistrate heard both the motion to dismiss and the exceptions, overruled the motion to dismiss and, as part of that ruling, removed petitioner as trustee. Petitioner objected to the magistrate's order removing him as trustee and, one day prior to the hearing in probate court on the objections, filed this action seeking a writ of prohibition.

{¶ 6} The magistrate's show cause order is analogous to a motion to dismiss. In *O'Brien v. Univ. Community Tenants Union, Inc.* (1975), 42 Ohio St.2d 242, 71 O.O.2d 223, 327 N.E.2d 753, syllabus, the Ohio Supreme Court held:

{¶ 7} "In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted (Civ.R.12(B)(6)), it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery. (*Conley v. Gibson* [1957], 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80, followed.)"

{¶ 8} In ruling on a motion to dismiss, pursuant to Civ.R. 12(B)(6), a court must presume all factual allegations of the complaint are true and make all reasonable inferences in favor of the nonmoving party. *Mitchell v. Lawson Milk Co.* (1988), 40 Ohio St.3d 190, 532 N.E.2d 753.

{¶ 9} In *State ex rel. Tubbs Jones v. Suster* (1998), 84 Ohio St.3d 70, 74, 701 N.E.2d 1002, the court stated:

{¶ 10} "In order for a writ of prohibition to issue, the relator must prove that (1) the lower court is about to exercise judicial authority, (2) the exercise of authority is not authorized by law, and (3) the relator possesses no other adequate remedy in the ordinary course of law if the writ of prohibition is denied. *State ex rel. Keenan v. Calabrese* (1994), 69 Ohio St.3d 176, 178, 631 N.E.2d 119, 121."

{¶ 11} Prohibition tests and determines "solely and only" the subject matter jurisdiction of the lower court. If the court has such jurisdiction, prohibition is not available to prevent or correct an erroneous decision, nor is it

available as a remedy for an abuse of discretion. *State ex rel. Eaton Corp. v. Lancaster* (1988), 40 Ohio St.3d 404, 534 N.E.2d 46. Likewise, prohibition is not available to prevent an anticipated erroneous judgment. The Ohio Supreme Court has held that a writ of prohibition will be granted where the lack of jurisdiction is patent and unambiguous. *Ohio Dept. of Adm. Serv., Office of Collective Bargaining v. State Emp. Relations Bd.* (1990), 54 Ohio St.3d 48, 562 N.E.2d 125.

{¶ 12} Probate courts are courts of limited jurisdiction, and probate proceedings are limited to those actions permitted by statute and the Ohio Constitution. *Corron v. Corron* (1988), 40 Ohio St.3d 75, 531 N.E.2d 708. R.C. 2101.24(B)(1)(b) and (C) provide:

{¶ 13} "(B)(1) The probate court has concurrent jurisdiction with, and the same powers at law and in equity as, the general division of the court of common pleas to issue writs and orders, and to hear and determine actions as follows:

{¶ 14} " * * *

{¶ 15} "(b) Any action that involves an inter vivos trust * * *.

{¶ 16} " * * *

{¶ 17} "(C) The probate court has plenary power at law and in equity to dispose fully of any matter that is properly before the court, unless the power is expressly otherwise limited or denied by a section of the Revised Code."

{¶ 18} As is apparent from the cases on which petitioner relies, he is confusing arguments as to subject matter jurisdiction with arguments addressing the merits of a decision yet to be rendered by the probate court.

{¶ 19} In *Galbreath v. del Valle* (1993), 91 Ohio App.3d 829, 633 N.E.2d 1185, this court reversed the decision of the probate court, finding that the court abused its discretion by appointing a successor trustee without giving the beneficiaries sufficient time to choose their own trustee as provided for in the trust instrument. While *Galbreath* held that the trial court's decision was erroneous, it did not find that the trial court lacked jurisdiction.

{¶ 20} In *Schucker v. Metcalf* (1986), 22 Ohio St.3d 33, 22 OBR 27, 488 N.E.2d 210, the court held that, as a court of limited jurisdiction, the probate court had no jurisdiction over an inter vivos trust; however, *Schucker* was decided before R.C. 2101.24(B)(1)(b) was enacted and is not dispositive of the issues herein. Appellant argues that *Schucker* is still viable, as it was cited in *Dumas v. Estate of Dumas* (1994), 68 Ohio St.3d 405, 627 N.E.2d 978; however, *Dumas* cited *Schucker* only for the proposition that probate court had no jurisdiction over claims for money damages arising from allegations of fraud and that such claims must be heard in the general division of common pleas court.

*Dumas* did not discuss the probate court's jurisdiction over an inter vivos trust pursuant to R.C. 2101.24(B)(1)(b).

{¶ 21}  In *State ex rel. Goldberg v. Mahoning Cty. Probate Court* (2001), 93 Ohio St.3d 160, 753 N.E.2d 192, the Ohio Supreme Court held that the probate court did not have authority to issue a prejudgment order of attachment where the assets alleged to have been wrongfully concealed were from settlements in wrongful-death claims and were not assets of the decedent's estate.  The court further held that the probate court's plenary grant of authority in R.C. 2101.24(C) did not allow the prejudgment attachment order because the proceeding involved assets that were not part of the decedent's estate and were not properly before the court.  Here, R.C. 2101.24(B)(1)(b) does grant the probate court authority over an inter vivos trust.

{¶ 22}  Last, in *In re Guardianship of Lombardo* (1999), 86 Ohio St.3d 600, 604, 716 N.E.2d 189, the court held:

{¶ 23}  "The language of R.C. 2101.24 unambiguously provides the probate court with concurrent jurisdiction with the court of common pleas to address *inter vivos* trusts."

{¶ 24}  Despite this clear language, appellant argues that *Lombardo* established a public policy that a probate court's authority should not be permitted to override the expressed intent of a trust's settlor.  Hence, petitioner argues, the probate court lacked subject matter jurisdiction to remove him as trustee.  We disagree with petitioner's interpretation of *Lombardo*.  In the first instance, the Ohio Supreme Court limited the probate court's actions "in this case."  Id. at 608, 716 N.E.2d 189.  Further, the court did not hold that the probate court lacked subject matter jurisdiction but, rather, that the probate court's decision was erroneous.  As stated above, petitioner is confusing arguments relating to the subject matter jurisdiction of the probate court with the merits of its decision.

{¶ 25}  Because the probate court has jurisdiction over an inter vivos trust, pursuant to R.C. 2101.24, and petitioner has an adequate remedy at law by way of appeal, petitioner's objections to the magistrate's decision are overruled to the extent indicated herein, and the requested writ of prohibition is denied.

> Objections overruled to extent indicated
> and writ of prohibition denied.

PEGGY BRYANT and GLASSER, JJ., concur.

GEORGE M. GLASSER, J., retired of the Sixth Appellate District, was assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.

APPENDIX

MAGISTRATE'S DECISION

Rendered on May 28, 2002

Charles W. Gayton, for petitioner.

Ron O'Brien, Franklin County Prosecuting Attorney, for respondent.

IN PROHIBITION

ON ORDER TO SHOW CAUSE

KENNETH W. MACKE, Magistrate.

{¶ 26}   In this original action, relator, Mark Sladoje, Jr., the successor trustee of the Ruth A. Moore inter vivos trust, requests a writ of prohibition ordering respondent, Lawrence Belskis, Judge of the Franklin County Probate Court, to desist from removing relator as the successor trustee of the inter vivos trust that is the subject of a declaratory judgment action pending in the probate court.

Findings of Fact:

{¶ 27}   1. According to the complaint, relator is a defendant in a declaratory judgment action filed by the plaintiff, Michael M. Moore, in the Franklin County Probate Court.   Michael M. Moore and Melody J. Quesenberry are the children of Ruth A. Moore, who executed a revocable inter vivos trust on November 14, 1991, and amended the trust on November 22, 1996.   Michael M. Moore and Melody J. Quesenberry are beneficiaries of the trust.

{¶ 28}   2. According to the complaint, relator was appointed successor trustee of the Ruth A. Moore inter vivos trust by the November 22, 1996 amendment. Ruth A. Moore died on December 14, 1999.

{¶ 29}   3. According to the complaint, on July 20, 2001, a probate court magistrate issued a magistrate's decision ordering relator to file an accounting in the declaratory judgment action.   Relator filed an accounting with the probate court, and Michael A. Moore filed exceptions to the accounting.

{¶ 30}   4. According to the complaint, on October 12, 2001, relator filed in the probate court a motion to dismiss the exceptions on grounds that the probate court lacked subject matter jurisdiction to hear the exceptions.

{¶ 31}   5. According to the complaint, the probate court magistrate heard relator's motion to dismiss and the exceptions to the accounting on October 25, 2001.   On November 16, 2001, the probate court magistrate issued her decision denying the motion to dismiss and removing relator as the successor trustee.

{¶ 32}  6. According to the complaint, relator filed objections to the probate magistrate's decision.  On January 3, 2002, finding that relator had not received 10 days notice of the removal hearing, Judge Belskis issued an entry scheduling a hearing for January 15, 2002, at 9:00 a.m. to determine whether relator shall be removed as successor trustee.  The entry further provides:

{¶ 33}  "It is further ORDERED that the trustee is hereby RESTRAINED from removing, disbursing, conveying, distributing, encumbering, transferring, or in any other way affecting the assets of the trust until further Order of this Court."

{¶ 34}  7. On January 14, 2002, one day before the scheduled removal hearing in probate court, relator filed this original action for a writ of prohibition. Contemporaneously with the filing of this action, relator moved for an order from this court to "stay" the removal hearing.  In his memorandum in support, relator asserted that *Schucker v. Metcalf* (1986), 22 Ohio St.3d 33 [22 OBR 27, 488 N.E.2d 210], is controlling in this matter.

{¶ 35}  8. On January 14, 2002, by journal entry, this court denied relator's motion for stay, stating:

{¶ 36}  "R.C. 2101.24(B)(1)(b) provides that the probate court has concurrent jurisdiction over '[a]ny action that involves an inter vivos trust.' *Schucker v. Metcalf* (1986), 22 Ohio St.3d 33 [22 OBR 27, 488 N.E.2d 210] interpreted a previous version of R.C. 2101.24 that did not grant concurrent jurisdiction to the probate court over inter vivos trusts."

{¶ 37}  9. On January 22, 2002, this magistrate was appointed magistrate in this cause.

{¶ 38}  10.  On March 1, 2002, this magistrate issued an order that no later than March 15, 2002, relator shall show cause in writing why this original action should not be dismissed for the failure of the complaint to state a claim upon which relief in prohibition can be granted.

{¶ 39}  11.  On March 13, 2002, relator filed his written response to the magistrate's show cause order.

{¶ 40}  12.  The matter of the magistrate's order to show cause is now before this magistrate for his written decision.

## Conclusions of Law:

{¶ 41}  It is the magistrate's decision that this court dismiss this action for the failure of the complaint to state a claim upon which relief in prohibition can be granted.

{¶ 42} The matter at hand is akin to a Civ.R. 12(B)(6) motion to dismiss, which tests the sufficiency of the complaint. See *State ex rel. Boggs v. Springfield Local School Dist. Bd. of Edn.* (1995), 72 Ohio St.3d 94 [647 N.E.2d 788]. In reviewing the complaint, this court must take all the material allegations as admitted and construe all reasonable inferences in favor of relator. Id.

{¶ 43} In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted, it must appear beyond doubt from the complaint that the plaintiff/relator can prove no set of facts entitling him or her to recover. *O'Brien v. Univ. Community Tenants Union, Inc.* (1975), 42 Ohio St.2d 242 [71 O.O.2d 223, 327 N.E.2d 753].

{¶ 44} A writ of prohibition is an extraordinary judicial writ issuing out of a court of superior jurisdiction and directed to an inferior tribunal commanding it to cease abusing or usurping judicial functions. *State ex rel. Tubbs Jones v. Suster* (1998), 84 Ohio St.3d 70, 73, 701 N.E.2d 1002. In other words, the purpose of a writ of prohibition is to restrain inferior courts and tribunals from exceeding their jurisdiction. Id.

{¶ 45} A writ of prohibition "tests and determines 'solely and only' the subject matter jurisdiction" of the lower court. *State ex rel. Eaton Corp. v. Lancaster* (1988), 40 Ohio St.3d 404, 409 [534 N.E.2d 46]; *State ex rel. Staton v. Franklin Cty. Common Pleas Court* (1965), 5 Ohio St.2d 17, 21 [34 O.O.2d 10, 213 N.E.2d 164]; *Tubbs Jones,* supra, 84 Ohio St.3d at 73 [701 N.E.2d 1002].

{¶ 46} As a general rule, in order for a writ of prohibition to issue, the relator must prove that (1) the lower court is about to exercise judicial authority, (2) the exercise of authority is not authorized by law, and (3) the relator has no other adequate remedy in the ordinary course of law if a writ of prohibition is denied. *State ex rel. Keenan v. Calabrese* (1994), 69 Ohio St.3d 176, 178 [631 N.E.2d 119].

{¶ 47} If an inferior court is without jurisdiction whatsoever to act, the availability or adequacy of a remedy of appeal to prevent the resulting injustice is immaterial to the exercise of supervisory jurisdiction by a superior court to prevent usurpation of jurisdiction by the inferior court. *State ex rel. Adams v. Gusweiler* (1972), 30 Ohio St.2d 326, 329 [59 O.O.2d 387, 285 N.E.2d 22].

{¶ 48} The probate court is vested with jurisdiction pursuant to R.C. 2101.24, which provides as follows:

{¶ 49} "(A)(1) Except as otherwise provided by law, the probate court has exclusive jurisdiction:

{¶ 50} " * * *

{¶ 51} "(*l*) To render declaratory judgments, including, but not limited to, those rendered pursuant to section 2107.084 of the Revised Code[.]

{¶ 52} " * * *

{¶ 53} "(B)(1) The probate court has concurrent jurisdiction with, and the same powers at law and in equity as, the general division of the court of common pleas to issue writs and orders, and to hear and determine actions as follows:

{¶ 54} " * * *

{¶ 55} "(b) Any action that involves an inter vivos trust * * *.

{¶ 56} " * * *

{¶ 57} "(C) The probate court has plenary power at law and in equity to dispose fully of any matter that is properly before the court, unless the power is expressly otherwise limited or denied by a section of the Revised Code."

{¶ 58} In *Galbreath v. del Valle* (1993), 91 Ohio App.3d 829 [633 N.E.2d 1185], this court had occasion to determine the subject matter jurisdiction of the probate court in a declaratory judgment action filed in the probate court by the trustee of an inter vivos trust. In that case, the declaratory judgment action had been filed by Daniel M. Galbreath, the trustee of the Dorothy B. Galbreath family trust. Thereafter, Daniel M. Galbreath informed the probate court and all persons claiming an interest in the family trust that he was resigning as trustee of the trust.

{¶ 59} In *Galbreath*, the probate court had scheduled a hearing on the appointment of a new trustee. At the hearing, some trust beneficiaries requested a continuance so that they would have an opportunity to reach a consensus among all the beneficiaries to agree on a successor trustee before the probate court appointed one. The continuance was granted, but ultimately the probate court appointed the successor trustee without the agreement of the trust beneficiaries. An appeal was taken to this court from the order of the probate court appointing the successor trustee.

{¶ 60} In *Galbreath*, this court stated that the central issue was whether the probate court abused its discretion by appointing the successor trustee. This court also addressed the question of whether the probate court had jurisdiction over the matter so that it had authority to rule.

{¶ 61} In *Galbreath*, this court agreed with the probate court's finding that it had jurisdiction to hear the matter placed before it by Daniel M. Galbreath, as trustee of the family trust. Quoting the portions of R.C. 2101.24 quoted above to support its jurisdictional determination, this court, in *Galbreath*, further stated:

{¶ 62} "In order for the probate court to exercise its subject-matter jurisdiction in a proceeding involving a trust and multistate beneficiaries, the court must have jurisdiction over the trust, the trust property or the trust parties. See Bogert, Law of Trusts and Trustees (2 Ed.1992) 237, Sections 277–360. Unques-

tionably, the probate court had jurisdiction over the family trust, the trust property and the trustee." 91 Ohio App.3d at 834 [633 N.E.2d 1185].

{¶ 63} In *Galbreath,* this court further held that the probate court had abused its discretion in appointing the successor trustee because it had failed to give the trust beneficiaries enough time to secure a successor trustee upon which they could agree.

{¶ 64} The magistrate finds that this court's decision in *Galbreath* is dispositive on the question presented here: whether the probate court has subject matter jurisdiction to remove the successor trustee of an inter vivos trust when that question is presented to the probate court in a declaratory judgment action.

{¶ 65} However, relator attempts to distinguish the *Galbreath* decision from the instant case. Relator argues:

{¶ 66} "The problem in the present case is that there was no declaratory action filed to remove Mark Sladoje as trustee and the probate court is taking such action on its own, claiming that once the declaratory action was filed to construe the language of the trust, the probate court had the authority and power to control the conduct of the trustee and the trust."

{¶ 67} While there are some factual differences between the *Galbreath* case and the instant case, relator's argument is nevertheless flawed.

{¶ 68} The complaint for declaratory judgment filed in the probate court by Michael M. Moore (attached as an exhibit to the complaint for a writ of prohibition) contains the following demand for judgment:

{¶ 69} "WHEREFORE, Plaintiff demands judgment of this court construing the provisions of the Trust set forth in this Complaint as being in conflict with each other and in conflict with the laws of this State; to determine the intent of the Grantor; to determine the disposition of trust income and corpus; to determine the rights and responsibilities of the parties; and for such other and further relief in law and equity as shall be just and proper."

{¶ 70} Count four of the complaint for declaratory judgment states at paragraphs 26 and 27:

{¶ 71} "26. Article Seven (F) of the Trust Instrument provides, in part, that the 'Trustee shall keep true and correct books of account showing all the transactions in the Trust estate, which books of account shall at all reasonable times, be open to the inspection of any beneficiary hereunder.'

{¶ 72} "27. Plaintiff has requested, in writing, that Mark Sladoje, Jr., as Trustee, provide the Plaintiff with an opportunity to inspect the books of account. Defendant has refused to comply, believing that he need only provide an annual accounting. This nonfeasance is in direct derogation of the terms of the Trust."

{¶ 73}   The instant complaint further discloses that the probate court magistrate ordered relator to file an accounting, that relator did file an accounting, and that Michael A. Moore filed exceptions to the accounting.   Following a hearing on those exceptions, the probate court magistrate issued a decision removing relator as the successor trustee.   Relator's objections to the magistrate's decision was set for hearing before Judge Belskis, whose scheduling entry ordered that relator be restrained from affecting the assets of the trust until further order of the probate court.

{¶ 74}   Civ.R. 54(C) states:

{¶ 75}   "Except as to a party against whom a judgment is entered by default, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded the relief in the pleadings."

{¶ 76}   While the complaint for declaratory judgment filed by Michael A. Moore did not specifically request the removal of relator as successor trustee, it, nevertheless, conferred upon the probate court subject matter jurisdiction to determine whether relator should be removed as successor trustee.   Under Civ.R. 54(C) the probate court's jurisdiction to consider and grant relief in the declaratory judgment action is not limited by the failure of the pleading to demand the relief.

{¶ 77}   Moreover, the issue here is not whether the probate court's magistrate abused her discretion in determining that relator should be removed as successor trustee.   The issue is whether the probate court is vested with subject matter jurisdiction under R.C. 2101.24 to determine whether relator shall be removed as trustee.   As this court's decision in *Galbreath* makes clear, the probate court does have subject matter jurisdiction to determine the matters that relator here asserts there is no jurisdiction to determine.

{¶ 78}   It is clear beyond doubt from the complaint that this original action for a writ of prohibition fails to state a claim upon which relief can be granted. *O'Brien,* supra.

{¶ 79}   Accordingly, it is the magistrate's decision that this court dismiss this action.